# Howell *v.* Henry.

## *Bill to Quiet Title.*

(Decided Feb. 6, 1908. Rehearing denied July 3, 1908. 47 South. 192.)

*Adverse Possession; Color of Title; Possessio Pedis.*—Unless one holds under written color of title, his adverse holding is limited as to possession to his possessio pedis, and hence a verbal contract of sale without the delivery of a deed, but accompanied by a delivery to the purchaser by the vendor of his vendor's deed does not operate as written color of title to him or his successors in possession so as to mark out the boundaries of the possession; such being merely a verbal contract to convey and not operating as color of title.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

[Howell v. Henry.]

Bill by Nathan H. Howell against Mary Henry to quiet title to an 80 acre tract of land. From a decree granting complainant partial relief he appeals. Affirmed.

ROACH & CHAMBERLAIN, for appellant. A writing is not essential for color of title, but color of title may arise from an act in pais without a writing.—1 A. & E. Ency of Law, 848-9. Claim of title may be by a valid parol purchase followed by possession, and this possession may be of a part of the land and is extended to the whole of the land covered by the contract of purchase.—*Normant v. Eureka Co.,* 98 Ala. 184; *Pittman v. Pittman,* 124 Ala. 309. Where party claims under a bona fide purchase he is not required to file his claim under the statute.—*Sledge v. Singley,* 139 Ala. 346. Lands are adversely held when they are used for the purpose for which they are suitable in their then condition.—*Bell v. Denson,* 56 Ala. 448; *Goodson v. Brothers,* 111 Ala. 595; *Smith v. Kyser,* 115 Ala. 459; *Brand v. U. S. Car Co.,* 128 Ala. 582; *Scales v. Otts,* 127 Ala. 587. The adverse possession of appellant's vendor under warranty deed, tacked to that of appellant and his vendee, and again to that of the appellant was sufficient to vest title in the appellant.—Warvell on Ejectment, 427; 1 A. & E. Ency of Law, 844; *Ill. S. Co. v. Budsisz,* 81 N. W. 1029; *Dothard v. Denson,* 72 Ala. 543; *Hughes v. Anderson,* 79 Ala. 215; *Pearson v. Adams,* 129 Ala. 157; *Anniston v. Edmundson,* 127 Ala. 464.

ERVIN & McALEER, for appellee. The decree should be affirmed on the authority of.—*T. C. I. & R. R. Co. v. Linn,* 123 Ala. 133; *Powers v. Hatter,* 44 South. 861.

SIMPSON, J.—This was a bill to quiet title under the statute, filed by the appellant against the appellee. It is admitted that the respondent holds the legal title, by several deeds going back to the original patent.

The title of the complainant is deraigned by showing that in 1882 the complainant purchased from one Parker, who merely handed to him a deed which one Lee had previously made to Parker, and Parker promised to make a deed whenever it was desired, but as a matter of fact never made any deed until June 13, 1904.

The land in question consists of 80 acres on which was a small log house, and a part of the land was inclosed and cultivated. The decree of the chancellor gives to the complainant that part inclosed and cultivated, but holds that as to the remainder the complainant, not having proved pedis possessio, is not entitled to it. At the time he purchased from Parker, the complainant went into possession of the house, and through several successive transfers the possession has been kept up, finally coming back to the complainant; there being no deeds passed, except that, on each occasion of a charge of possession, the old deed (of Lee to Parker) was handed over. The complainant claims that although he had no deed conveying the land to him, yet the contract of sale and the handing to him of the deed from Lee to Parker was sufficient to mark out the boundaries of his possession, so as to operate as color of title to him and to the successors in possession.

The transaction between the parties was nothing more than a verbal contract of sale, and while the deed which was handed over may have operated as a memorandum between the parties as to the land intended to be conveyed, yet it was in no sense color of title in the complainant. Although the decisions in other states are not harmonious, yet this court, after mature consideration,

has held that the doctrine of "extending the adverse possession under a valid parol contract of sale to the boundary of the lands as fixed by the contract is limited in its application, as between vendor and vendee, or in case of execution sale, to the defendant in execution and the purchaser at such sale; that, when no such relation exists between the parties litigant or their privies, the possession of the adverse holder is limited to his possessio pedis, unless he holds under written color of title."—*Tenn. Coal, Iron & R. R. Co. v. Linn,* 123 Ala. 112, 133, 26 South. 245, 250, 82 Am. St. Rep. 108. "An instrument, in order to operate as color of title, must purport to convey the title to the claimant thereunder, or to those with whom he is in privity." 1 Cyc. 1085. Under the rule established by this court, and which seems to be in accordance with the preponderance of authority, the complainant did not show that he held under color of title, and the evidence does not show that his possessio pedis extended beyond that part of the land which the chancellor decreed to him.

The decree of the court is affirmed.

TYSON, C. J., and HARALSON, and ANDERSON, JJ., concur.

