## WALKER vs. JONES.

1. When the proponent of a will is the husband of one of the legatees, his declarations that the testator was of unsound mind when it was executed cannot be received to invalidate the will.

2. When one of the heirs at law appears and contests the validity of the will, he cannot be heard to assign for error that there were other resident heirs who were not duly notified and who did not appear.

3. When a special term of the court is appointed by consent for the trial of an issue *devisavit vel non*, the contestant is estopped from raising the objection that the court could not hear and render judgment in the cause at any other than a regular term.

4. An instrument purporting on its face to be a deed, acknowledged by the maker before a justice of the peace to have been signed and delivered as such on the day of its date, and conveying by present words of gift, in consideration of natural love and affection, to several of the maker's children, specific legacies of slaves and all the money and notes and household and kitchen furniture on hand at the time of his death, but reserving to him the right of ownership over the slaves until his death, at which time it is declared, "this deed shall take effect," held a will and not a deed.

APPEAL from the Court of Probate of Dallas.

THE appellee, John B. Jones, applied to the Court of Probate of Dallas for letters of administration with the will annexed on the estate of John Walker, deceased, which were granted to him. He then propounded for probate, as the last will and tes-

tament of said decedent, the following instrument, as set out in the record :

"THE STATE OF ALABAMA, ⎱ Know all men by these pres-
    DALLAS COUNTY,       ⎰ ents, that I, John Walker, of
the county and State aforesaid, for and in consideration of the natural love and affection which I have for my beloved daughter Nancy Jones, wife of John B. Jones, do give and grant to her, to have, to hold and to enjoy, to the only true and proper use and behoof of herself and the heirs of her body forever, the whole and entire right, title and interest, in and to, of any kind whatever, a certain negro boy Frank, (otherwise Henry,) a slave for life ; but I reserve to myself, nevertheless, the right to exercise ownership over the said slave Frank (otherwise Henry) until my death, should I at any time see fit to demand him of the said Nancy Jones or her said husband; otherwise, she and her said husband are to have his labors, hire and profit of every kind until my death. And in like manner I give my old servant woman, Betty, to my daughter Nancy Jones, that she may be taken care of in her old age, as she is now valueless. And I also give and grant to my beloved son, James W. W. Walker, for and in consideration of the natural love and affection which I have for him, a certain negro boy, Washington, to have, to hold and to enjoy to the only true and proper use and behoof of himself and the heirs of his body forever; but I reserve, nevertheless, as aforesaid, to myself, the entire right to exercise ownership over the said boy, Washington, and to receive the hire, labor and profits of the said boy during the term of my natural life, but at my death this deed shall take effect. And I also give and grant to my beloved grand-son, Granberry White, for and in consideration of the natural love and affection which I have for him, a certain negro man, Saunders, a slave for life, to have, to hold and to enjoy to the only proper use, behoof and benefit of himself and the heirs of his body forever; but I reserve to myself, nevertheless, the right to exercise ownership over the said boy, Saunders, and to have his labor, and receive his hire or profits in every way and of every kind whatever, for the term of my natural life, but after my death this deed shall take effect. And I also give and grant to my beloved daughter, Martha White, otherwise Martha Perkins, a certain gray horse which she now has in possession, and I also give and forgive her

Walker v. Jones

the whole of the amount she purchased at my sale, and also all other sum or sums of every kind whatsoever, which I ever may, at any time, have had against her, the said Martha White, othwise Martha Perkins, to have, to hold and to enjoy to the only proper use, behoof and benefit of herself and the heirs of her body forever. And furthermore I also give and grant and forgive, to each and every of my children and grand-children, all claim or claims of whatever kind which I ever may have had against them or any of them, at any time, to have, to hold and to enjoy to the only proper use, behoof and benefit of themselves and their heirs forever. And I furthermore give and grant to my beloved three children, Nancy Jones, wife of John B. Jones, Martha White, otherwise Martha Perkins, and to James W. W. Walker, for and in consideration of the natural love and affection which I have for them, all the money and notes which may be on hand at the time of my death, which said money and notes shall be equally divided amongst them, share and share alike, to have, to hold and to enjoy to the only true and proper use, behoof and benefit of themselves and each of them and their heirs forever. And, for and in consideration of the natural love and affection which I have for my beloved daughter, Nancy Jones, aforesaid, I further give and grant unto her my bed and furniture, my arm-chair and bed-clothes, and finally, all the little household and kitchen furniture of whatsoever kind that may be on hand at the time of my death, to have, to hold and to enjoy to the only proper use, behoof and benefit of herself and her heirs forever. And I further give unto my beloved grand-son, Granberry White, aforesaid, my saddle and bridle, to have, to hold and to enjoy to himself and his heirs forever; but I reserve to myself, nevertheless, the right to use them until the time of my death.

Postscript: Interline before assigning, May 18, A. D. 1847.
Attest : John Whitt, Jr.  (signed ) JOHN WALKER, [L. S.]
        L. R. Lindsay.''

"THE STATE OF ALABAMA,   }   Personally appeared before me, Isam Gwinn, an acting justice of the peace in and for said county, John Walker, who acknowledged that he signed and delivered the foregoing deed on the day and date therein dated, and for the purposes therein mentioned. October 16, 1847. ISAM GWIN, J. P.''

On this application, it being made known to the court that some of the heirs and legatees of the said decedent were non-residents, it was ordered that publication be made for six weeks, in the " Dallas Gazette," a paper printed and published in the town of Cahaba, notifying all persons interested to appear at a given day, and show cause, if any they had, why said paper should not be admitted to probate as the last will and testament of said John Walker, deceased.

This publication was duly made, and on the day appointed the appellant, who is a son of the decedent, appeared, and filed written objections to the paper's being received as the last will and testament of said decedent. These objections are as follows :

" 1. That the said paper or instrument of writing, now offered for probate, is not the last will and testament of the said John Walker.

" 2. That, at the time said paper or instrument of writing purports to have been executed by said John Walker, to-wit : at the time the same bears date, and before and afterwards, he, the said John Walker, was not of sound and disposing mind and memory.

" 3. And that said John Walker was unduly influenced in the execution of said paper.

" Wherefore, for these and divers other good and sufficient causes, the said John G. Walker contests the validity and objects to the probate of the said paper as the last will and testament of said John Walker, deceased, and asks the court that a day may be set, and a jury empanneled for the trial of the same, according to the statute," &c.

Issue was joined on these allegations, and the cause was tried by a jury at a special term of the court, which had been appointed by consent of the parties. On the trial, a bill of exceptions was allowed, from which it appears that the contestant offered as evidence the declarations of the said proponent of the will, as to the mental capacity and condition of the said decedent about the time when the will purports to have been executed ; but the evidence was excluded by the court, on the motion of the proponent, and the contestant excepted.

It further appears from the bill of exceptions, that, " after the evidence on both sides was closed, the contestant, by his

counsel, moved to dismiss the application of the proponent, under the issues formed between proponent and contestant, on the ground that the court could not, at that time, hear and give judgment upon the same, because the next of kin of the testator had not been cited in conformity with the statute, no one contesting but the said John G. Walker, who was present, it being shown that some of the heirs at law of the said testator reside in this State, and that forty days' previous notice had been given, in a newspaper published in Cahaba in said county; and also because that was not a stated term of the court.— Which motion the court overruled, and on the latter ground for the reason that the contestant consented to the fixing of that special term ; and the contestant excepted."

The errors now assigned are :

1. The court erred as shown by the bill of exceptions ;

2. The court erred in excluding evidence of the declarations of the said proponent, as to the decedent's mental condition ;

3. In overruling the contestant's motion to dismiss the proponent's application, on the ground that the next of kin of the decedent had not been cited according to the statute ;

4. In overruling contestant's motion to dismiss, because the court could not hear and render judgment in the cause at any other than a stated session of the court.

5. In admitting to probate the paper offered as the last will and testament of the decedent, the same appearing on its face to be a deed and not a will.

J. L. Evans, for plaintiff in error :

1. The paper propounded as the last will and testament of the decedent appears on its face to be a deed, and not a will; it should not have been admitted to probate, as a will, without extrinsic proof of the intention of the maker. It is distinctively different from a testamentary conveyance, because it took effect in the decedent's life time, and became absolute and irrevocable.

2. Evidence of the declarations of Jones, the proponent, ought to have been admitted.—8 New Hamp. 351 ; 9 Watts & Serg. 32 ; 1 Pike 557. As a general rule, the declarations of a party are good against himself ; and in this, Jones pos-

sessed peculiar opportunities of information on the matters in issue. Being the only party plaintiff on the record, his admission could not be held to prejudice the rights of other legatees under the will, as they might be adjudicated in another trial.

3. The notice by publication was not sufficient. The statute requires a personal citation on the next of kin resident in the State, as well as notice by publication to those who are non-residents. It is shown here that several of the children of the deceased reside within this State.—Clay's Digest 303 § 34; 7 Porter 248; 4 Ala. 270.

GEO. W. GAYLE, contra:

1. The declarations of the proponent were properly excluded.—Roberts v. Trawick, 13 Ala. 68.

2. The court properly overruled the contestant's motion to dismiss the proceedings on the ground that the next of kin had not been cited according to the statute. The contestant had no right to claim notice to any but himself; this he had, and appeared and contested. The record shows that notice by publication was given. Some were non-residents, but they were not required to have notice.—Roy v. Seagrist, 19 Ala. 810; Lee v. Browning, 15 Ala. 496; Shields v. Alston, 4 Ala. 252.

3. The other ground on which the motion to dismiss was predicated, viz., that the court could not hear and render judgment in the cause at any other than a regular term of the court, was equally untenable, because the record shows that the day of trial was agreed on by the parties, and because the judge has a right to direct the time.—Clay's Digest 304 § 35; ib. 363 § 6.

4. The instrument propounded is a will, though called a deed.—2 Ala. 152; 6 Ala. 636; 19 Ala. 59.

GIBBONS, J.—It is assigned for error that the court below rejected the proof of the declarations of Jones, (the appellee and proponent of the will,) tending to show that the testator was of unsound mind at the time the will was made. It will be observed that Jones, the proponent of the will, is the husband of one of the legatees under it. He holds, therefore, the same relation to the contestant, so far as the principle involved is concerned, as if he were directly a legatee. The question then arises, can the declarations of one of several legatees under a

will be received in evidence to impeach its validity on an issue involving the question whether the will is or is not valid. This question is answered by a previous adjudication of this court in the case of Roberts v. Trawick, 13 Ala. 68. Chilton, J. remarks in this case: " We feel safe in declaring the correct rule to be, that when a will is propounded to the Orphans' Court for probate, and is there contested, the admissions or declarations by one of several legatees of the unsoundness of the testator's mind, or that fraud, imposition or undue influence was practiced upon or exercised over him, shall not be received to invalidate the will to the prejudice of the other legatees ;" citing Dan v. Brown, 4 Cow. R. 483. This is entirely decisive of the question, and shows that the court committed no error in excluding the declarations of Jones.

Again ; it is assigned for error, that the court refused to dismiss the proceedings on the motion of the contestant. This motion was predicated upon two grounds : 1st, that the heirs or next of kin of the testator, residing in the State of Alabama, had not been notified ; and 2d, that the court could not hear and decide the cause at any other than a regular term of the court.

It is undoubtedly true, that the statute requires the heirs at law or next of kin of the deceased to be cited by a personal notice when a will is offered for probate, if the proponent of it would conclude the rights of those who have an interest in contesting the will, by the judgment admitting the same to probate.—Clay's Digest 303 § 34 ; Shields v. Alston, 4 Ala. 252; Lee v. Browning, 15 Ala. 496 ; Roy v. Seagrist et al., 19 Ala. 810. The present record does not show any notice whatever to the heirs at law, other than that of publication; and the question now arises, whether John G. Walker, one of the heirs who appeared and contested the will, can be heard to assign for error that which does not affect him, but which affects only the other heirs? The present record does not disclose who are the heirs at law, or where they reside, except that some of them are non-residents, and some reside within the limits of the State ; but who they are that reside within the limits of the State, is not shown.

It is doubtless the right of each and every heir at law of the testator, whose will is propounded for probate, to appear and

contest the same ; but this right is one which each heir possess-
es individually for himself, and which he exercises for himself
alone. We do not think it necessarily follows, where there are
several heirs, that one cannot exercise this right, and thus bar
himself by the decree, without the others joining in the contest.
If he can do so, then, it is not for him, after a trial had in which
he has appeared and tried his interest in the will, to set aside
the judgment and annul the decree, by suggesting that there
are other heirs who were not before the court. The proponent
of the will, who proceeds in this manner, does so at his peril, as
he is liable to have as many trials as there are heirs at law. A
decree admitting a will to probate, without having resident
heirs before the court by process served upon them or their
guardian, most surely cannot conclude their rights, and as often
as any one of them appears before the court and makes himself
a party to the record, he can reverse the decree in this court.

Such a course of proceeding would doubtless be impolitic both
for the court and the proponent ; but we see nothing illegal in
it, as we are clear that the court has jurisdiction of the subject
matter, and may try the question with any number of the heirs
less than the whole before it ; or it may stay its proceedings
until they are brought in, and then try the question so as to bind all.
The court, then, having jurisdiction to try the question with
any one of the heirs before it, it follows as a necessary conse-
quence, that one heir could not assign for error the absence of
another heir in the trial of the issues which were to establish or
bar his rights in the premises. There was, therefore, no error
in refusing to dismiss the cause because the resident heirs were
not brought before the court. These heirs may acquiesce in the
will, for aught this court can know ; at all events we can only
interpose to protect their interests, when they present them-
selves before us, and demand our aid.

It cannot avail the appellant on error that the issues were tried
at a time other than the regular term, as the record shows that it
was by his consent that the time at which the trial was had was
named. He is therefore estopped from objecting to its legality.
There was, therefore, no error in not dismissing the cause for
either of the reasons alleged.

It is further insisted in argument that the instrument offered
as a will was illegally probated, because it is in fact a deed, and

not a will.   We think otherwise.   We think it is apparent from the instrument, when taken as a whole, that it was intended as a will, and not as a deed.   It is true it is called by the testator a deed, but the whole structure of the instrument, and the legal effect of the language employed, show that it was intended as a disposition of the property of the testator by bequest, a donation *causa mortis*, and not by deed *inter vivos*.   Under such circumstances, it matters not what the instrument is called by the author, as it is the intention apparent upon the face of it that must give it its real character.   In the present case, we have no hesitation in arriving at the conclusion that the instrument propounded was a will, and not a deed.

It follows there is no error in the record, and the judgment of the court below is affirmed.