# Bromberg Bros. *v.* Heyer Bros.

*Bill in Equity to set aside as Fraudulent and Void Bill of Sale of Stock of Goods.*

1. *Demurrer to bill in equity; must be based upon matter apparent on face of bill.*—A demurrer to a bill in equity must be based upon matters apparent on the face of the bill, and can not be supported by any new fact or foreign matter alleged by the defendant. Therefore, if a written instrument is not correctly set out in the bill, the variance between it and the original is not available on demurrer.

2. *Simple contract creditors; provisions of §§ 3886 and 2126 of the Code may be enforced by them.*—Section 3886 of the Code confers on simple contract creditors without liens, the remedy which was formerly accorded only to judgment creditors, of filing a bill to set aside a conveyance or sale made with intent to hinder, delay or defraud creditors. Such creditors also have the right to assail, by bill in equity, a general assignment for the purpose of claiming the benefit of section 2126 of the Code.

3. *Disclaimer by defendant to bill; when not allowable.*—A proper or necessary party to a bill in equity can not, by a disclaimer, avoid his liability under the bill; and a motion to be discharged made by such defendant and based on such disclaimer, should be overruled.

APPEAL from Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

The bill in this case was filed by Heyer Bros., "on behalf of themselves and such other creditors standing in the same posi-

tion as complainants," against Ernest Bromberg and Charles L. Bromberg, late partners trading under the firm name of Bromberg Bros., and against Frederick Bromberg, seeking, in one aspect of the bill, to have set aside as fraudulent and void a bill of sale of a stock of goods made by Bromberg Bros. to Frederick Bromberg, and an account; and claiming on behalf of themselves and such other creditors as stand in the same position, and as against Frederick Bromberg, a preference to the property conveyed, under and by virtue of an agreement alleged to have been made by the defendants with complainants and other creditors; and seeking, in another aspect, in the event that they are mistaken in their claim of preference under said agreement, that said bill of sale may be declared a general assignment, on the ground that substantially all the property of Bromberg Bros. is thereby conveyed. The complainants, as the bill alleges, being simple contract creditors of Bromberg Bros., on the 20th June, 1876, agreed with them to extend, and did extend, the debt which said firm owed complainants, on the faith of an agreement in writing made by the said Frederick Bromberg, who was the father and also a large creditor of the said Bromberg Bros., "in which he agreed, that if the other creditors would grant the extension desired, they should have the preference and priority over his claim against the firm of Bromberg Bros., and that he, Frederick Bromberg, would waive and postpone the payment of his claim and debt until all the debts which should be extended should be fully paid." The agreement is not made an exhibit and its effect is thus stated. Afterwards Bromberg Bros. executed to Frederick Bromberg the bill of sale which is the subject of this controversy, and the bill is filed for the purpose above stated. The questions decided do not render it necessary to give a more detailed statement of the averments of the bill. Frederick Bromberg demurred to the bill, assigning five grounds of demurrer. The first, second, third and fifth grounds are based upon the said agreement alleged in the bill to have been made by him with complainants, not, however, as it was pleaded in the bill, but as it was averred to be in the demurrer. The fourth ground of demurrer is that "the bill is without equity, because the bill shows, that defendant is a *bona fide* creditor of the said Bromberg Bros. and is in the possession of their stock etc., in part payment of his debt, and does not show that complainants have any lien upon" said stock. Charles L. Bromberg answered the bill, and incorporated in his answer a disclaimer of "all right, title or interest in the firm of Bromberg Brothers and in the event of this suit," and moved the court to discharge him upon his disclaimer. The Chancery Court rendered a decree overruling the demurrer of Frederick Bromberg and also over-

ruling the motion of Charles L. Bromberg; and this decree is here assigned as error.

FREDERICK G. BROMBERG, for appellant.

JNO. T. TAYLOR, *contra.*

SOMERVILLE, J.—The several grounds of demurrer interposed by the appellants to the bill in this case were properly overruled by the chancellor. The first, second, third and fifth causes were mere "*speaking* demurrers," based on the averred contents of a writing or document entirely variant from the allegations of the bill. A demurrer must be based upon matter apparent on the face of the bill, and cannot be supported by any new fact or foreign matter alleged by the defendant.—Story's Eq. Plead. §§ 447–452. The doctrine of craving *oyer* of written insruments, and of demurring if a material variance appears between the *oyer* and declaration, has always been a practice confined to courts of law, and has never prevailed in courts of equity. It was also confined to the instrument upon which the suit was brought.

The fourth cause of demurrer was equally untenable. It may be that the bill was multifarious, as being filed in a double aspect and embracing alternate averments which are inconsistent and repugnant.—*Lehman et al. v. Meyer et al.* 67 Ala. 396. But it was not demurred to on this ground. And whether we consider it as a creditor's bill filed *to set aside a sale as fraudulent,* or to *declare it a general assignment,* it could be filed by a simple contract creditor without a lien. Section 3886 of the present Code (1876) confers on such creditors the remedy, which was formerly accorded only to judgment creditors, of filing a bill to set aside a conveyance or sale made with intent to hinder, delay or defraud creditors.—*Reynolds v. Welch,* 47 Ala. 200; *Evans v. Welch,* 63 Ala. 250. And it is too manifest for argument, that a creditor without a lien may assail a general assignment with the view of claiming the benefit of section 2126 of the Code, which provides that such a conveyance shall "enure to the benefit of *all the creditors* of the grantor equally."

There is no error in the action of the chancellor refusing to discharge Charles L. Bromberg on his *disclaimer.* A party can not in this manner get rid of his liability to answer a suit, where the statements of the bill show him to be a proper or necessary party. The bill here avers a fraudulent transfer as being made by Bromberg Bros., of which firm Charles L. was a member, and both members of the partnership are alleged to be liable for the debt due complainant. Their conduct, furthermore, requires investigation, and the judgment of the court vitally affects their interests. The disclaimant was a necessary

party to this suit, and should not have been discharged. His motion was properly overruled.—Bump on Fraud. Convey. 534; *Gaylords v. Kelshaw*, 1 Wall. 81 ; Story's Eq. Plead. § 840.

The decree of the chancellor is affirmed.