# Gilbert *v.* Pinkston.

*Bill to Quiet Title and to Remove Cloud.*

(Decided April 21, 1910. 52 South. 442.)

1. *Quieting Title; Cloud; Burden of Proof.*—A respondent in a suit to quiet title and remove cloud, who alleges by cross bill that complainant conveyed the land to a third person who with his wife conveyed the land to respondent, has the burden of showing what title he has to the land.

2. *Homestead; Conveyances; Acknowledgment.*—Where the separate acknowledgment of the wife does not comply with the statutory requirements, a deed to the homestead signed by husband and wife was absolutely void.

3. *Same; Acknowledgment.*—Where the original deed executed by the husband and wife to the homestead was void for want of proper separate acknowledgment, the wife cannot, after the death of the husband, make the deed effective by a subsequent proper acknowledgment, even though the wife was the only heir and the estate vested in her.

4. *Same; Right of Surviving Wife.*—Under section 2543, Code 1886, the right of a widow in a homestead of her deceased husband is only to occupy the homestead for life, and the homestead does not vest in her absolutely unless the estate of the deceased husband is declared insolvent; and where the wife abandons the homestead in an attempt to convey it, her right ceases.

5. *Homestead; Descent; Right of Wife and Heirs.*—Under section 1915, Code 1886, the homestead of one who died leaving a widow and brothers and sisters, descends to the brothers and sisters as heirs, and not to the widow.

6. *Adverse Possession; Color of Title; Record.*—One claiming land under a deed from the administrator, or as the heir of the decedent, is not required to record her claim of adverse possession under section 1541, Code 1896.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Bill by Rachel Pinkston against John R. Gilbert, to quiet title and remove a cloud. Cross bill by respondent. Judgment for complainant and respondent appeals. Affirmed.

[Gilbert v. Pinkston].

E. J. GARRISON, and D. H. RIDDLE, for appellant. The principle that a defective acknowledgment of a homestead renders the deed void, and that the wife could not properly acknowledge the deed afterwards, has no application to this case. The claim of complainant as to adverse possession is a nullity because not recorded.—Sec. 1541, Code 1896. Counsel discuss other assignments of error, but without citation of authority.

WHATLEY & CORNELIUS, for appellee. The deed was absolutely void and conferred no rights whatever.—*Cox v. Holcomb*, 87 Ala. 589; *Slappey v. Hanna*, 137 Ala. 202. The wife could not after the death of her husband give vitality to the deed by her separate acknowledgment.—*Richardson v. Woodstock I. Co.*, 90 Ala. 266, and cases there cited. In the absence of judicial ascertainment of insolvency, the title to the homestead did not pass to the widow, under the law then in force.—*Munchus v. Harris*, 69 Ala. 509; *Baker v. Keith*, 72 Ala 121. An abandonment of the homestead was a destruction of the widow's privilege. Under the facts here disclosed the homestead descended to the brothers and sisters of the deceased.—*Stallworth v. Stallworth*, 29 Ala. 76. It was not required that complainant file her claim of adverse possession as she claimed both as heir and as purchaser.

SIMPSON, J.—The original bill in this case was filed by the appellee against the appellant to remove a cloud from her title. The respondent, by answer and crossbill, set up the claim that the complainant had conveyed the lands in question to her brother, William Pinkston, during his life, and that said William Pinkston and his wife, Lutitia Pinkston, had conveyed the land to

the respondent. The point being made that the land in question was occupied by William Pinkston at the time of the execution of said deed (May 4, 1885), and that the separate acknowledgment by the wife did not comply with the'requirements of the statute, the respondent amended his answer and cross-bill by showing that since the commencement of this suit the widow of said William Pinkston had made a proper acknowledgment. It appears from the evidence that William Pinkston died in 1887 or 1888; that at the time of his death, and for several years anterior thereto, he was living on. the land in question as his homestead. There was no proof of his ownership of the lands except the testimony of several witnesses tending to show that in 1885 the complainant had executed a deed conveying said land to him, which deed was never recorded and has been lost; while the complainant produced in evidence a deed from the administrator of their father's estate of January 8, 1879, purporting to be in accordance with an order of the probate court and sale thereunder duly advertised conveying the land to her. She testified that the paper which was spoken of as a deed from her to William Pinkston was not a deed at all, but a paper agreeing that he might occupy the land during his life, and that she refused to sign it, and she was corroborated by other witnesses. She also testified that William Pinkston merely entered upon the land by her permission, and she had agreed to let him occupy it during his life. Her own testimony and that of others also tended to show that she has been in adverse possession of the land since shortly after William Pinkston's death. The burden being upon the respondent to show what right, title, or claim he has to the property, the testimony is not at all conclusive to the point that William Pinkston ever owned the land. In the next place, if he

[Gilbert v. Pinkston].

did own it, he was certainly occupying it as a homestead at the time the deed was attempted to be made to the respondent, and, the separate acknowledgment being defective, the deed was absolutely void.—*Cox v. Holcomb,* 87 Ala. 589, 6 South. 309, 13 Am. St. Rep. 79; *Slappy v. Hanners,* 137 Ala. 202, 33 South. 900, and cases cited.

The deed being absolutely void, it is difficult to see how any subsequent act, short of an actual conveyance, could galvanize the original deed into life. Accordingly our court has held distinctly that, when a man dies, after the execution of such a deed, the land descends to his heirs, and no subsequent acknowledgment by the widow can make the deed effective.—*Richardson v. Woodstock Iron Co.,* 90 Ala. 266, 269, 270, 8 South. 7, 9 L. R. A. 348; *Parks v. Barnett et al.,* 104 Ala. 438, 441, 442, 16 South. 136. The appellant insists that these decisions have no bearing on this case, because the widow of William Pinkston was his only heir, that the estate vested absolutely in her, and she had a right to convey it. Even if that were a correct statement of the situation, a mere acknowledgment of a deed could not be construed into a conveyance of the property. Her rights, however, were governed by the statutes found in the Code of 1886. Under section 2543 of that Code, the widow's right was only to occupy the homestead during her life, and it did not vest in her absolutely, unless the estate of her deceased husband was duly declared insolvent; and, if she abandoned the homestead or attempted to convey it away, her rights ceased. —*Munchus v. Harris,* 69 Ala. 509; *Baker v. Keith,* 72 Ala. 121; *Barber v. Williams,* 74 Ala. 331. The evidence in this case shows that within a year or two after her husband's death said widow abandoned the homestead, and is now living in the poorhouse. She tes-

tifies herself that shortly after her husband's death she gave the land up to complainant, who has been in possession of it ever since, and that she has not claimed any interest in the lands since her husband's death. According to section 1915 of the Code of 1886, the brothers and sisters of William Pinkston were his heirs, and not his widow. Whether the complainant held the land under the deed from the administrator which was at least "color of title," or as the heir of her brother, it was not necessary for her to record her claim of adverse possession under the act of 1893, afterwards embodied in section 1541 of the Code of 1896.

Under all the evidence, the court below properly held that the complainant was entitled to the relief prayed, and that the cross-complainant was not entitled to relief.

The decree of the court is affirmed

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.