# Stockdale v. Cooper, et al.

### Cancellation of Mortgage.

(Decided May 20, 1915. 69 South. 110.)

1. *Landlord and Tenant; Possession by Tenant.*—Possession of land by a tenant of the assignee of the mortgage was the possession of the assignee.

2. *Mortgages; Assignment; Rights.*—One who paid a mortgage, and to whom it was delivered became thereby the equitable assignee of the mortgage and the debt and vested with the right to proceed under the mortgage for the collection of the debt by foreclosure or otherwise, notwithstanding the mortgage was not duly transferred to him when he went into possession.

3. *Same; Redemption; Time.*—After a foreclosure of a mortgage the mortgagor has only two years within which to redeem, but where there has been no foreclosure, such as where the attempted foreclosure was not effected, the mortgagor has ten years within

[Stockdale v. Cooper, et al.]  ·

which to redeem, unless the mortgagor labored under a disability
covered by the statute.

4. *Cancellation of Instrument; Possession of Assignee; Pleading.*
—Where the assignee of a mortgage went into possession after the
law day and remained for more than ten years before the heirs
of the mortgagor filed their bill to cancel the mortgage, or took any
steps to redeem, such assignee was not required to define the boun-
daries and description of the land actually possessed.

APPEAL from Talladega City Court.

Bill by Nettie Cooper and another against Febbie
Stockdale to cancel mortgage, and for an accounting
and redemption.  There was judgment for complain-
ant, and respondent appeals.  Reversed and judgment
rendered dismissing the bill.

M. D. IVEY, for appellant.

HARRISON & WELCH, for appellee.

ANDERSON, C. J.—The bill seeks a cancellation of
the mortgage upon the ground that it was paid before
Linder or the respondent, Febbie Stockdale, took pos-
session of the land under the mortgage, but seeks an
accounting and redemption in case the complainant is
mistaken as to the payment of the mortgage debt. The
bill charges that Linder held the mortgage as assignee,
and that Febbie Stockdale held as his tenant, while
the proof shows that Linder put her in possession and
turned the mortgage over to her not later than the first
of the year 1903, she having bought said mortgage from
him.

(1) But, if this was not the case, and Febbie was
the tenant of Linder, as charged, her possession would
be that of Linder, and in any event we have a case of
the assignee of the mortgage being in possession of the
mortgaged premises for more than 10 years before the
bill was filed.

(2)   It may be true that the mortgage was not duly transferred to Febbie at the time she went into possession, but it was paid for by her, and was delivered to her, and she thereby became the equitable assignee of the said mortgage and the debt, and was vested with the right to proceed under the said mortgage for the collection of the debt by foreclosure or otherwise.—4 Mayfield's Digest, p. 226.

(3)   It is well settled in the case of *Askew v. Sanders*, 84 Ala. 356, 4 South. 167, that, where there has been a foreclosure of the mortgage, the mortgagor has only 2 years within which to redeem, but, if there was no foreclosure, that is, if the attempted foreclosure was abortive, the mortgagor would have 10 years within which to act, but no longer.   Here there was no attempt to foreclose, but the assignee of the mortgage went into possession of the land under the mortgage, and the complainants had 10 years thereafter within which to file the bill for calcellation or for an accounting and redemption, but no longer, unless laboring under a disability covered by the statute.—*Askew v. Sanders, supra; Liddell v. Carson*, 122 Ala. 526, 26 South. 133.   The complainant, however, sought to avoid the statute of limitations of 10 years by attempting to show that one of the complainants, Janie, was a minor, and that the bill was filed within 3 years after she became of age, and that her rights were preserved by section 4846 of the Code of 1907.—*Bradford v. Wilson*, 140 Ala. 633, 37 South. 295.   The age of Janie is the most serious question in this case, and as to which the evidence is in sharp conflict.   The evidence has been carefully read and considered by the concurring justices, and we are constrained to hold that the weight of it shows Janie was born some months before her

father was sent to the penitentiary in February, 1890, and that she was therefore over 24 years of age when this suit was commenced.

(4)　It is suggested and argued upon rehearing that the complainant should succeed, for the reason that the respondent, Febbie Stockdale, has failed to establish title to the land by 10 years' adverse possession, that is, that she only had possessio pedis of a portion of the land, and, having no color of title, her possession did not extend to the entire tract, and it was incumbent upon her to define in the proof the boundaries and description of the land actually possessed by her, and the case of *Howell v. Henry,* 157 Ala. 43, 47 South. 132, is relied upon as an authority that the mortgage which was delivered to her by Linder did not constitute color of title. The *Howell Case, supra,* is a very different case from the one at bar. There the complainant sought to establish title to the land by adverse possession under color of title, and the court held that the mere delivery of a deed by the vendor from a previous vendor did not amount to color of title between the parties to the cause, as the second purchaser had no paper purporting to convey the land to him. This, however, is a very different case, as the respondent is not seeking to establish title acquired by adverse possession, but is the owner of a mortgage, which got the legal title out of the mortgagor, and who went into possession after the law day, and has so remained for over 10 years before the heirs of the mortgagor took any steps to cancel the mortgage or to redeem the land.

The decree of the city court is reversed, and one is here rendered dismissing the bill of complaint.

Reversed and rendered.

McClellan, Sayre, and Gardner, JJ., concur.