[Street v. Shaddix, et al.]

# Street v. Shaddix, et al.

### Ejectment.

(Decided November 16, 1916.  73 South. 73.)

1. **Appeal and Error; Dismissal; Filing Transcript.**—Where the appeal was taken within a year after the judgment, and continuances were twice granted by the Supreme Court, and the case was not submitted until a year and a half after the appeal, at which time the transcript was filed, the case will not be dismissed for undue delay in filing the transcript, the appellees not having seasonably invoked such action.

2. **Trial; Record; Directing Verdict.**—Where the clerk noted the fact in his certificate to the transcript that three matters of documentary evidence could not be found by him, and were consequently omitted from the bill of exceptions, this court could not review the action of the trial court in refusing the general affirmative charge for the appellant, notwithstanding the bill of exceptions recited that it contained all or substantially all of said testimony.

3. **Limitation of Action; Disability.**—Under § 4846, Code 1907, in ejectment by heirs against one claiming by adverse possession, the heirs must show, in order to suspend the running of such adverse possession by the statute, both that they had title as heirs at the time the asserted adverse possession began, and that some of them were minors at the time.

4. **Same; Burden of Proof.**—The burden of showing that one is within, and therefore entitled to the benefit of the exception of such statute, is upon one claiming the benefit.

5. **Ejectment; Instructions.**—Where the action was ejectment against adverse possessors, plaintiff was not entitled to an unqualified instruction that the burden of proving title by adverse possession was on defendant, where there was no evidence of alleged facts suspending the operation of the adverse possession because of plaintiff's minority under § 4846, Code 1907.

6. **Same; Evidence.**—In an action of ejectment by heirs against an adverse possessor, it was competent for plaintiff to show declarations made by one of defendant's grantors inconsistent with any claim of right by such grantor hostile to the title of the heirs of plaintiff ancestors.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Statutory ejectment by Clementine Shadix and others, against J. C. Street.  Judgment for plaintiffs and defendant appeals.  Reversed and remanded.

RIDDLE, BURT & RIDDLE, for appellant.  M. F. PARKER, and O. B. CORNELIUS, for appellee.

[Street v. Shaddix, et al.]

McCLELLAN, J.—Statutory ejectment, instituted by appellees against appellant.

(1, 2) The judgment from which the appeal is prosecuted was rendered on July 28, 1913. According to the recitals of the approved appeal bond, the appeal was taken on July 25, 1914. A certificate of the clerk of the trial court, filed, when the appeal was docketed in this court, on January 11, 1915, recites that the appeal was taken a few days earlier, as the result, doubtless, of mere clerical error; and this certificate further recites that notice of the appeal was served on O. B. Cornelius as attorney of record for the appellee. Continuances were twice entered in this court, viz., on January 12, 1915, and on June 1, 1915. The transcript was filed January 11, 1916, during the term to which the appeal had been continued and in time for submission of the appeal during the first call, at that term, of the division of the state from which the appeal comes. The motion to dismiss the appeal cannot be granted. If the appellees conceived that undue delay had characterized the filing of the transcript in this court, the appellees should have seasonably invoked this court's action. The clerk in his certificate to the transcript correctly notes the fact that three matters of evidence (documentary) could not be found by him and were, hence, omitted from the bill of exceptions. In this state of the bill of exceptions, refuting in those three particulars the recital that the bill contained all (or substantially all) of the evidence, there can be no review here of the refusal of the general affirmative charge for the appellant.

(3, 4) The plaintiffs relied upon the title to which they succeeded from Isaac Shadix, deceased. The witness Craft testified: "The heirs of the Isaac Shadix estate are the ones mentioned as plaintiffs in the complaint. The youngest ones of the heirs are between 21 and 23 years old, and are grandchildren of Isaac Shadix."

The defendant relied upon adverse possession under color of title. There was evidence tending to show the infancy of at least some of the plaintiffs at the time the defendant's asserted adverse possession commenced; but the transcript does not disclose any evidence tending to show that at the time of the inception of the adverse possession asserted the immediate ancestor of any of the plaintiffs had died, with the result that the plaintiffs, under disability at that time, then had an estate in the lands in

question.   If the adverse possession asserted began to run before an infant owner succeeded to his or her rights to an interest in the land, the death of the ancestor did not suspend the running of the statute.   Section 4846 of the Code operates to create an exception in favor of persons under disability at the time the right accrues; and the burden of showing that one is within, and entitled to, the benefit of the exception is upon him who would avail of the exception.—*Richardson v. Mertins*, 175 Ala. 309, 57 South. 720; *Black v. Pratt Coal Co.*, 85 Ala. 508, 5 South. 89.   In the absence of evidence tending to show the minority of at least some of the plaintiffs at the time the asserted adverse possession began, the court should not have refused defendant's requested charge numbered 3.   This charge reads: "I charge you that if defendant went into possession of any of the lands described in the deed from W. W. Branberry and others to him as executor on November 9, 1896, immediately after the deed from Ashcraft to him as administrator was made, and continued in possession of any of said lands for a period of ten years, and that defendant's possession was peaceable, continuous, open, notorious, and adverse, claiming to own same, your verdict will be for defendant, even though you believe that W. W. Bradberry secured said land by permission from Rhoda Shadix."

(5) In view of the absence of evidence to show the facts essential to admit of the application of the exception made by Code, § 4846, the court might well, in all caution, have refused the plaintiffs' requested, unqualified instruction that the burden of proving title by adverse possession was on the defendant.   As a general proposition that is of course correct; but in the circumstances indicated that unqualified instruction at least called, when given, for an explanation.

(6) W. W. Bradberry was one of the grantors of the land in suit in the conveyance to the defendant.   The plaintiffs' theory was that W. W. Bradberry was, during many years before November 9, 1896, the agent of the widow and heirs of Isaac Shadix, deceased, in control of the lands in question.   The plaintiffs were permitted, over the objections of the defendant, to adduce testimony showing declarations of W. W. Bradberry inconsistent with any claim or assertion of rights by W. W. Bradberry, hostile to the title of the widow and heirs of, or successors in right to, Isaac Shadix, deceased—this with the evident purpose of establishing the absence of any intent of Bradberry to assert adverse

[Page & Jones v. Barry.]

possession of the lands in suit.    There was no error in permitting the plaintiffs to adduce the testimony indicated.

For the error of refusing to defendant charge 3, the judgment must be reversed.    The cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.