(76 South. 26)

MACKE et al. v. MACKE.    (6 Div. 585.)

(Supreme Court of Alabama.   May 17, 1917.)

1. EQUITY ⬦148(6)—PLEADING—MULTIFARIOUSNESS — BILL TO REDEEM AND FOR ACCOUNTING—STATUTE.

A bill by a mortgagor, seeking cancellation of the mortgage on the ground that it was given as security for her husband's debt, and for redemption and an accounting in the alternative, is not subject to demurrer for multifariousness, in view of Code 1907, § 3095, providing that a bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 359, 361.]

2. EQUITY ⬦232 — PLEADING — DEMURRER FOR LACK OF EQUITY—BILL IN ALTERNATIVE.

If either aspect of a bill in the alternative has equity, demurrer taking the point that there is no equity in the bill cannot be sustained.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 508.]

3. MORTGAGES ⬦616—BILL FOR REDEMPTION OR ACCOUNTING—EQUITY.

A wife's bill against her divorced husband, his brother, and her mortgagee, which alleged that before complainant sought divorce from her husband he had assured her that her mortgage had been paid, so that she made no claim for alimony, and that the husband conspired with his brother and the mortgagee to have it appear of record that the mortgage was outstanding, and held by either the husband or his brother, which was effected, and that, after decree of divorce, complainant ascertained that her husband's brother claimed to be the owner of the mortgage, etc., had equity as for a redemption by a mortgagor and an accounting to ascertain the amount due, also an accounting by the transferee of the mortgage of rents collected from the property.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1833–1844.]

4. DISCOVERY ⬦19—DISCOVERY IN AID OF OTHER RELIEF.

Such bill was not for discovery only; the discovery feature of the bill being only in relief of the aid sought.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 20–26.]

5. APPEAL AND ERROR ⬦874(4)—PLEADING—DEMURRER.

Where no demurrers were addressed to a particular feature of a bill, the sufficiency of the particular feature, further than a determination of its general equity, need not be considered on appeal from decree overruling demurrer to the whole bill.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3535, 3537–3540.]

Appeal from Circuit Court, Birmingham County; H. A. Sharpe, Judge.

Bill by Mattie I. Macke against Frank C. Macke and others.   From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Bill by Mattie I. Macke against Frank C. Macke, Frederick G. Macke, and George H. Davis.   The bill in its first aspect shows that the complainant was the former wife of Frank C. Macke, but divorced from him June 26, 1916, and that on August 16, 1911, she executed a mortgage with her husband to respondent George H. Davis, to secure an indebtedness of $780, which said mortgage was on certain real estate, a lot with improvements thereon situated in Birmingham, and described in the bill, and of which she was the owner.   It is also alleged that the mortgage was given to secure the debt of the husband, and not that of the complainant, she signing as security for his debt, and the prayer of the bill seeks a cancellation of said mortgage as a cloud upon her title.   The bill further alleges that the former husband, Frank C. Macke, is in possession of the property.

The second alternative of the bill sets up that on January 8, 1916, complainant filed a bill seeking a divorce from her husband, Frank C. Macke, and that prior to said time her said husband had assured her that the mortgage to said Davis had been paid, and acting upon this assurance, and believing that she had this separate estate she made no claim for alimony in said suit.   The bill further alleges that her said husband entered into a conspiracy with his brother Frederick G. Macke, and the mortgagee Davis, for the purpose of having it to appear of record that the mortgage was outstanding and held by either Frederick G. Macke or the said Frank C. Macke and in furtherance of said conspiracy there was entered on the record of said mortgage a writing purporting to be a transfer of said mortgage debt by Davis to said Frank C. Macke; that on June 26, 1916, a decree of divorce was granted complainant, after which time, and not before, complainant ascertained that Frederick G. Macke claimed to be the owner of said note and mortgage, the same being placed

----

with him by his brother Frank C. Macke, acting in concert with said Davis for the purpose of defrauding complainant after said suit for divorce was begun; that said Frederick G. Macke paid nothing to said Frank C. Macke, or to George H. Davis, for said note and mortgage, and said claim is for the purpose of assisting Frank C. Macke in said fraudulent scheme, and that Frank C. Macke is in possession of said property, claiming his right thereto under said mortgage either as transferee of the mortgage, or as tenant of his brother Frederick G. Macke as transferee of said mortgage; that complainant sought on various occasions to ascertain who claimed to be the owner of said note and mortgage, and that she had been advised on some occasions by George H. Davis, and by her husband, Frank C. Macke, that said Frank C. Macke was the owner thereof, and on other occasions she had been advised by said Davis and Frederick G. Macke that the latter was the owner thereof, after declining to exhibit to her the note and mortgage, and after declining to give her a statement of the amount and items of said indebtedness claimed, and that each time she demanded such statement she was ready, willing, and able to pay the amount, if any, justly due by her, and so notified each of said respondents.

The bill alleges that the indebtedness has been paid by her said husband, Frank C. Macke, and shows that complainant was led to believe the same had been fully discharged. It is further alleged that a discovery is necessary to ascertain who is the owner of said note and mortgage, so that if said indebtedness be outstanding she may be advised as to whom she may safely pay the same, and that an account be stated between the complainant and which of the said respondents may be, if any, the owner of said mortgage and note, so that complainant may pay the amount of such indebtedness due by her, if any. The complainant offers to do equity and pay any amount ascertained to be due by her to the respondents, or any of them. The bill then contains certain interrogatories directed to each of the respondents separately, concerning the pertinent features of the bill, and those to Frank C. Macke also included questions concerning his possession of the premises described in the mortgage, and the amount of rents he had paid to his brother Frederick G. Macke, and also like questions propounded to Frederick G. Macke. Interrogatories were also addressed to the question as to how much was due thereon or claimed to be due thereon.

The prayer of the bill was for a cancellation of the mortgage, and also that said Frank C. Macke and Frederick G. Macke be required to account for the rents of said property; also for an ascertainment by the court as to who is the owner of said mortgage. There was also a prayer for general relief. The defendants demurred to the bill, but the demurrers were addressed to the bill as a whole, and not to the separate aspects thereof.

Assignment No. 1 was: "There is no equity in the bill;" and No. 2: "Said bill is multifarious." There was a decree overruling the demurrer, from which this appeal is prosecuted.

Z. T. Rudulph, of Birmingham, for appellants. Beddow & Oberdorfer, of Birmingham, for appellee.

GARDNER, J. The bill here under review was filed in a double aspect. In the first aspect a cancellation of the mortgage is sought by the complainant, on the ground that it was given as security for her husband's debt, and therefore void under the statute. In the second aspect the bill acknowledges the validity of the mortgage, and shows the belief on the part of the complainant that the same had been paid by her husband, and his assurance to her of that fact; but also shows that, in the event it be ascertained that the note had not been paid, complainant is ready and willing to pay whatever sum is found to be due thereon, and so offers in her bill. In this second aspect it also shows that the husband is in possession of the property, either as transferee of the mortgage or claiming under his brother who is alleged to claim as transferee thereof—an uncertainty and ignorance on the part of the complainant as to who is the owner of said mortgage—and complainant seeks an accounting as to said rents. In this latter aspect, therefore, the bill may be properly treated as one for redemption by the mortgagor, and an accounting.

[1] While, under a former decision of this court (Williams v. Cooper, 107 Ala. 246, 18 South. 170), a bill containing these two separate aspects in the alternative would have been subject to demurrer for multifariousness, we are clear to the view that under the provisions of section 3095, Code 1907, and the decisions of this court construing the same, such a bill is not now subject to this objection (Durr v. Hanover Bank, 170 Ala. 260, 53 South. 1012; Kant v. A. B. & A. R. R. Co., 189 Ala. 48, 66 South. 598; Moore v. Empire L. Co., 181 Ala. 344, 61 South. 940; Morris v. Mortgage Bond Co., 187 Ala. 262, 65 South. 810).

[2] It is to be noted that the demurrer is addressed to the bill as a whole, and therefore does not test any particular aspect of the bill. If either aspect of the bill, therefore, has equity, the demurrer taking the point that there is no equity in the bill cannot be sustained. Jones v. Barker, 163 Ala. 632, 50 South. 890; Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 South. 886.

[3] What has been previously said concerning the second aspect of the bill discloses our conclusion that this feature has equity as for a redemption by a mortgagor, and an

accounting to ascertain the amount due, if any, and also an accounting by the transferee of the mortgage of rents collected from the property. Harris v. Jones, 188 Ala. 633, 65 South. 956; Stockdale v. Cooper, 193 Ala. 258, 69 South. 110; Williams v. Cooper, supra.

[4, 5] The bill is not one for discovery only, as insisted by counsel for appellant, but the discovery feature of the bill is only in aid of the relief sought. If there were any objections to this feature of the bill, or, indeed, that aspect of the bill seeking redemption, no demurrers were addressed thereto, and therefore the sufficiency of this particular feature, further than a determination of its general equity, need not be considered.

It results that the decree of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.