166    ALABAMA.

Johnson. Adm'r, et al v. Neil and Wife.

JOHNSON, Adm'r. et al v. NEIL AND WIFE.

1. The statute in respect to the manner of obtaining and assigning dower, is cumulative, and does not exclude all other modes; and an assignment of dower, though irregularly made, to which the wife has given her assent, is obligatory upon her; especially if she takes possession of the land allotted to her, and there is no evidence that she has been overreached by fraud.

2. As the widow holds her dower from her deceased husband, or rather by appointment of law, it is not indispensable to the validity of its assignment that it should be made by deed or instrument in writing.

THE defendants in error, in February, 1841, filed their petition in the County Court of Dallas, setting forth that the wife of the petitioner, Mathew Neil, was late the widow and relict of James Johnson, who had there died intestate—that the administration of his estate was committed to Wm. Johnson, by the Orphans Court—and that the intestate died seized and possessed, in fee simple, of the west half of the south west quarter of section ten, township sixteen, and range eight, situate in the county of Dallas.

The petition further states, that the intestate left but two children, viz: Eliza Jane, now the wife of Robert Moore, and James S. a minor, of whom Bernard Johnson is guardian, all of whom reside in the county of Dallas. It also alledges that the relict of the intestate has never relinquished her right to the land described; and the petitioner therefore prays that dower may be allotted to her in the same.

The defendants pleaded separately, but all insisted that the widow of James Johnson had been already endowed of the lands mentioned in the petition, and still retains the possession thereof—that on the —— day of ————, all the lands belonging to the estate of the intestate, were, by order of the Orphans Court of Dallas, and in due form of law, divided between his heirs, and the land mentioned in the petition was allotted to James Johnson, the infant heir, who has the possession thereof—and that that division and the proceedings thereon are legal and have been approved by the Orphans Court.

The Court was of opinion that the dower had not been le-

gally allotted in the lands described in the petition, and award-ed a writ in pursuance of the statute, requiring the sheriff to cause the allotment of dower to be made. This writ was ex-ecuted, and the admeasurement made by the commissioners approved by the Court.

On the trial the defendants excepted to the ruling of the pre-siding Judge. From the bill of exceptions, among other things, it appears that the land in dispute had been divided as alledg-ed in the plea, before the filing of the petition, and that division confirmed. It was also shown to the satisfaction of the Court, that Mrs. Neil, during her widowhood, filed her petition against the administrator of her former husband, praying an allotment of dower in the lands of which he died seized—that a writ is-sued, and dower was assigned her in the lands described in that petition. Although the land described in the petition now filed, was not then mentioned either in the petition or writ of dower, yet the commissioners who acted did go upon the land, and with the approbation and consent of Mrs. Neil, did allot her dower of the same, by increasing the assignment made to her from other lands, to the extent of one third the value of the land in controversy. It was further shown that Mrs. Neil, during her widowhood, went into the possession of the lands thus allotted her, and still retains the same—and that all the proceedings in relation thereto having been confirmed, are still in full force. The return of the commissioners who acted un-der Mrs Neil's petition did not refer to the land in question, but the facts stated were all proved to the satisfaction of the Judge of the County Court.

J. B. CLARKE, for the plaintiff in error, contended that the County Court erred in ordering a further allotment of dower to Mrs. Neil upon the petition of herself and husband; that the assignment previously made to her, during widowhood, was ample, and so received. He cited Pirtle's Dig. 278, §29; Park on Dower, 252-4, 263-4-7-9, 293, 340; 2 Cowen's Rep. 638; Conant v. Little, 1 Pick. Rep. 189; Shattuck v. Gragg, 23 Pick. Rep. 92.

G. W. GAYLE, for the defendant.

COLLIER, C. J.—The County Court doubtless determined in favor of Mrs. Neil's right to dower in the half quarter section of land, in which the petitioners sought it, and against the bar set up by the defendants, on the ground that this land was not particularly described in the petition previously filed by her. The statute certainly requires that the petition of the widow for dower shall set forth the nature of her claim, and specify the lands, tenements and hereditaments of which she seeks to be endowed. [Aik. Dig. 133, §5.] But the statute is cumulative, and does not exclude all other modes of assigning dower; and it has consequently been holden that the heir may endow the widow—and that her assent verbally given to an assignment, though irregularly made, is obligatory upon her. Thus in Moore and wife v. Waller, [2 Rand. Rep. 421,] it was held that the heir had the power at common law to assign dower without resorting to any Court; and that that power was not impaired in Virginia by the act of Assembly; and that the assignment of dower by an adult heir in behalf of himself and his co-heirs, who are infants, is as binding on them as it is on him, provided the assignment is not excessive. [See also Sutton v. Burrows, 2 Murphy's Rep. 81.] As to the power of a guardian in this respect, see Park on Dower, 266; Jones et ux v. Brewer, 1 Pick. Rep. 314.

It is not indispensable to an assignment of dower, that it should be made by deed or instrument in writing. And in Conant v. Little, [1 Pick. Rep. 191,] it is considered that the statute of frauds did not change the law in this respect. The Court say, "If an assignment was a conveyance from the heir to the widow, without doubt since the statute a deed or writing would be necessary; but it is not a conveyance—the widow holding her estate by law, and not by contract, wants nothing but to have that part which she is to enjoy set out and distinguished from the rest, and this may be done by setting out by metes and bounds as well as by deed. The widow does not hold her estate of the heir, but of her deceased husband, or rather by appointment of law. If she received land that was not her husband's, or other thing in lieu of dower, a deed would be necessary, because she would derive her title from the person making such conveyance in lieu of dower."—

[Shattuck v. Gragg, 23 Pick. Rep. 92; Park on Dower, 269, 340.]

Where the widow assents by parol to an assignment of dower, and takes possession of the land, she cannot afterwards be heard to alledge that the proceedings were not in conformity to law—unless, perhaps, she could show that she had been overreached and induced by fraud to give her assent to the assignment. This principle is more especially applicable where the other lands of which the deceased husband was seized have been divided among the heirs, or otherwise legally disposed of.

In the case at bar, Mrs. Neil assented to the allotment of dower which was made to her, at a time when she was capable of binding herself; the lands set apart to her are equal to one third of the entire realty of which she was entitled to be endowed; the residue of the estate of her deceased husband has been divided with the approbation of the Orphans Court among his heirs.

Under these circumstances she has no claim in law to an increased assignment of dower—and the order which determined otherwise is consequently reversed.