The opinion of the Court was drawn up by
Rice, J.
The plaintiffs are the heirs at law of Benjamin Austin, who died about twenty-five years ago, intestate. The title to the estate in controversy was in him at the time of his decease. His estate was insolvent, and a portion of that now in dispute was sold by his administrator, by authority of the Probate Court, for the payment of debts, and a deed thereof from the administrator to the defendant was executed and delivered, Feb. 6, 1836, under which the defendant immediately entered, and has held possession from that time to the present. It is conceded iliat all the preliminary measures required by the law, to constitute a valid sale, were taken by the administrator and the Probate Court, excepting that it does not appear by the record, or by papers now on file in the probate office, that the bond filed by the administrator was approved by the Judge of Probate.
By § 5, c. Bl, stat. of 1821, the orders and decrees of Judges of Probate are required to be in writing; § 3 requires a record of the proceedings to be made, and § 9 provides that, in all cases where by law bonds are required to be given to any Judge of Probate, or to be filed in the probate office, it shall be the duty of said Judge first to examine and approve of such bond, and, upon being so approved, but not otherwise, the said Judge shall order the same to be filed or recorded in the probate office. Section 6 of c. 470, laws of 1830, requires a bond to be filed by an administrator before ho can be authorized to sell the real estate of his intestate. Taking these statutes together, the reasonable construction may be, that the bond in such case should be approved by the Judge of Probate in writing. The evidence' produced fails to show, affirmatively, that the bond in this *76 case was thus approved; nor does the contrary appear. But, when we consider that this was a transaction that occurred more than twenty years ago ; that the law required the bond to be approved by the Judge before it could be legally filed; that the bond was in fact filed; that the record shows that all the substantial steps were taken, required by law, and, so far as the administrator was concerned, with technical accuracy'; that the sale was a public one, and that the defendant immediately entered under his deed, and has held undisturbed possession for more than twenty years, the law would fully authorize the conclusion that all was done which was required to give the defendant a perfect title. 1 Greenl. Ev., § 20; Simpson v. Norton, 45 Maine, 281.
This deed from the administrator covers the largest part of the land claimed by the demandants. There is, however, another portion of the same farm, which was also owned by Benjamin Austin, at the time of his decease, known as the " widow’s dower,” and now in the possession of the defendant, which is also claimed by the demandants in this action.
The defendant claims the right to hold possession of this portion of the demanded premises by a lease from the widow of said Benjamin. The widow’s right to dower in the estate in controversy is not denied, and it appears, by the evidence in the case, that she made application to the Judge of Probate for dower, Oct. 26, 1836. On which application a warrant was issued to three commissioner’s to set out her dower, and that the commissiouers proceeded aud set out to her, by-metes and bounds, that portion of her late husband’s estate which the defendant holds by lease from her; and that she entered immediately and held personal possession thereof about twelve years, and, from that time to date of plaintiffs’ writ, it has been in the undisputed possession of the defendant, under his lease from the widow. There has been no return of the commissioners to the Probate Court, nor have their proceedings in any way been made matter of record.
The evidence fails to show a legal assignment by order of *77 Court. This, however, is not absolutely essential to a valid assignment. Dower may be assigned by parol. The widow being entitled of common right, nothing is required but to ascertain her share; and when that is accomplished by the assignment, and she has entered, the freehold vests in her without livery of seizin. Co. Lit., 35, a; 1 Bright’s H. & W., 366.
To bind the widow, it is necessary, not only that the assignment be accepted, but she must also enter upon it. 1 Rop. EL & W., 400 ; 1 Bright’s H. & W., 375.
The assignment must be some part of the lands of which she is dowable, or of a rent issuing out of them, and for such an interest as will endure for her life, and the assignment must be absolute, unconditional, and without any exception or reservation in diminution of its Value. Co. Lit., 34, b.
The person by right entitled to assign dower, when a court of law is not resorted to for the purpose, is the heir, or whoever may be owner of the freehold. Co. Lit., 34, b. The heir within age may assign dower. Co. Lit., 35, a. Or, it may be assigned by guardian. Young v. Tarbell, 37 Maine, 509 ; Jones v. Bewer, 1 Pick., 313. And the demand and assignment may be by parol, and need not be in writing. Baker v. Baker, 4 Maine, 67 ; Shattuck v. Gragg, 23 Pick., 88; Jones v. Bewer, 1 Pick., 313 ; Luce v. Stubbs, 35 Maine, 92.
In view of the facts in this case; that the widow was undoubtedly entitled to dower in this estate; that it was publicly assigned to her and set out by metes and bounds; that she immediately entered upon the portion thus assigned and has continued openly to hold and occupy the same, by herself and her lessee, for a period of more than twenty years without objection, the inference is legitimate that it was thus set out to her with the knowledge and by the consent, if not by the direct procurement of the heirs at law, or those who were entitled to the freehold at the time; and that, under such circumstances, after such a lapse of time, it would be *78 inequitable to disturb this assignment, which is not, even now, alleged to have been unjust or unreasonable, and that there is no rule of law which would authorize or require it to be done. According to the agreement of the parties a . • Nonsuit is to be entered.
Appleton, C. J., Cutting, Davis, Kent and Walton, JJ., concurred.