# Lehman, Durr & Co. *v.* Rogers.

*Statutory Action in the Nature of Ejectment.*

1. *Consent decree for assignment of lands as dower; not binding on mortgagees who are not parties.*—Where a widow, claiming dower in the lands of her deceased husband, which have been sold under a probate decree for the payment of debts, transfers and sells her interest to the purchaser, and afterwards files a bill in equity against him to enforce a vendor's lien on the lands for the agreed price, a decree entered in the cause by consent, by which one-third of the lands is assigned to her in fee simple, if valid as an assignment of dower, is not binding on a mortgagee of the purchaser, who was not made a party to the suit, and who had received an absolute conveyance before the consent degree was rendered.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

The nature of this case, and the material facts, are stated in the opinion. The court below, at the request in writing of the plaintiff, charged the jury that, if they believed the evidence, they must find for the plaintiff. To this charge the defendants excepted. The defendants then asked the court to charge the jury that, if they believed the evidence, they must find for the defendants; the court refused this charge, and defendants excepted. The charge given, and that refused, are here assigned as error.

M. B. HOUGHTON, and TROY, TOMPKINS & LONDON, for appellants.—Appellants not having been made parties to the chancery suit, and having a legal title to one-half the land, through the conveyance of Emmerson's half interest, on which appellee had no sort of claim, and being also owners of the other half interest, their rights are not affected by the chancery decree.—Code of 1876, § 2241; *Owen v. Bankhead,* 76 Ala. 143; *Dunklin v. Harvey,* 56 *ib.* 177; *Thompson v. Campbell,* 57 *ib.* 183, 190; *Glidden v. Andrews,* 10 *ib.* 166; *Hunt v. Acre,* 28 *ib.* 580. The mortgagee has the legal title and right of possession.—*Boswell v. Carlisle,* 70 Ala. 244. Nothing but payment of the debt or surrender can divest title.—*Barker v. Bell,* 37 Ala. 354; *Duval v. McCloskey,* 1 *ib.* 708; 2 Brick. Dig., 253, § 76; *Powell v. Williams,* 14 *ib.* 476.

If appellee was entitled to dower, the same had never been assigned to her, since the chancery decree is void as to appellants, and her only right is to dower unassigned in an undivided one-half interest in the whole tract, not any particular part of the land. This would place the parties in the relation of tenants in common. A dowress can not maintain ejectment until after assignment.—Scribner on Dower, 32; *Abercrombie v. Baldwin*, 15 Ala. 363; Tyler on Ejectment, p. 882. Assuming that appellee had a right of dower, appellants had a legal title to all the land subject to this right, and had a right of reversion in the land assigned as dower.

GIRARD COOK, *contra.*—The links in appellant's chain of title charge them with notice of appellee's right to dower in the lands.—*Witter v. Dudley*, 42 Ala. 616; *Wilson v. Wall*, 34 *ib.* 288; *Johnson v. Thweatt*, 18 *ib.* 741; *Ketchem v. Creagh*, 53 *ib.* 227; *Tenn. C. R. R. v. East Ala. R. R. Co.*, 75 *ib.* 325. It is said to be not necessary in proceedings for dower, to make the purchaser at administrator's sale of land a party. *Forester v. Forester*, 38 Ala. 119. The widow holds her dower of her deceased husband, or, rather, by appointment of law, and hence it is not necessary to the validity of its assignment, that it should be made by deed or instrument of writing. The statute for setting aside or assigning dower is merely cumulative. The heir alone may assign it without resorting to court. The widow's verbal assent to an assignment, though irregularly given, is sufficient and binding.—*Boyd v. Harrison*, 36 Ala. 533; *Johnson v. Neill & Wife*, 4 *ib.* 166. The widow can not assign and sell to another her contingent right of dower before allotment.—*Saltmarsh v. Smith*, 32 Ala. 408; *Wallace v. Hall*, 19 *ib.*; *Hunt v. Acre*, 28 *ib.* 580; 2 Scribner on Dower, 40, 43.

CLOPTON, J.—The action is brought by appellee to recover possession of lands that constituted a part of a tract consisting of about six hundred acres, of which A. D. Rogers, the husband of appellee, and James Emmerson were seized in common, the interest of each being one half. Rogers died in 1864, without partition of lands having been made. The appellants were admitted to defend as landlords of the tenants in possession. By the will of Rogers, which was duly probated, all his real estate was devised to the plaintiff. In January, 1870, his undivided interest was sold by his personal representative under an order of the probate court for the payment of debts, and was purchased by John K. Emmerson. The sale was reported and con-

firmed, and a conveyance made in May, 1872, by order of the court. The validity of the sale is not assailed. As the real estate was sold to pay the debts of the decedent under a valid order, the plaintiff does not, and could not, base any title to a recovery on the devise. By the sale and conveyance to him in July, 1872, John K. Emmerson held in common with the other tenants ; and by his subsequent conveyance, James Emmerson became vested with the legal title to the entire tract of six hundred acres. The order of confirmation, and both conveyances excepted from their operation the plaintiff's right to dower. The effect of such exception, in connection with the previous proceedings, we leave undecided, as a decision of the question is not necessary or material. For the purposes of this case, we shall treat the title of the plaintiff as originating from a right to dower.

The defendants claim title under two mortgages, conveying the whole lands with covenants of warranty, executed by James Emmerson—one in February, and the other in May, 1873—and an absolute conveyance made in November, 1876. The mortgages vested in the defendants, *at law*, a legal estate *in presenti*, subject to be defeated by the performance of a condition subsequent, of which the legal estate was relieved after the law-day, the condition not having been performed. Thereafter only an equity of redemption remained in the mortgagor, which he released and conveyed by the deed.—*Roulhac v. Jones*, 78 Ala. 398.

In January, 1876, the plaintiff filed her bill in the Chancery Court for Lowndes county, alleging, that on November, 20, 1873, she sold her interest in the lands to James Emmerson for one thousand dollars, for which he gave four notes for two hundred and fifty dollars each, payable January 1, 1875, 1876, 1877, and 1878, respectively ; and praying that they be declared a lien on the land, and that it be sold to pay them. Emmerson alone was made a defendant. At the October term, 1877, of the court, an agreement was entered into by the parties, by which, after reciting that the plaintiff was entitled to homestead and dower in the lands to the extent of her husband's interest therein at the time of his death, and that Emmerson had purchased such interest, for the purchase-money of which the notes mentioned in the bill were given, it was agreed, that in full satisfaction of her homestead and dower interest, and of the notes, the plaintiff should have decreed to her by the court in fee simple, two hundred acres of the lands of average quality, to be set apart by commissioners appointed by the register. A decree was entered in accordance with the agreement.

[Lehman, Durr & Co. v. Rogers.]

Commissioners were appointed, who set apart and allotted to the plaintiff the lands involved in this suit. Their report was confirmed in April, 1878; and the plaintiff went into possession of the land. Dower was never assigned to the plaintiff in any other manner; and if entitled to recover her right rests on the title derived under the agreement and the proceedings and decrees of the Chancery Court.

It being well settled that a widow can not maintain ejectment for her dower until assigned, the plaintiff is not entitled to recover, unless the proceedings and decrees of the Chancery Court operate an assignment of dower binding on the defendants, who were not parties. It is manifest that an assignment of dower according to common rights was not made; such as is required by the common and the statute laws—one-third part of the lands of which the plaintiff was dowerable to be held for life, or its equivalent specially assigned, if practicable to be set out by metes and bounds. Generally, when the husband dies seized in common, the widow takes one-third part of her husband's interest to hold in common with the heir and other tenants, partition not having been made anterior to the assignment. 2 Scrib. Dow. 30 ; *Austin v. Austin,* 79 Amer. Dec. 602, and note. Instead of this, the plaintiff was allotted two-thirds of her husband's share in *fee simple.* It may be conceded that the heir or person having the freehold, may assign dower by assent of the widow, without the action of a court, and if she takes possession it is obligatory ; also, that a part of the lands of which she is dowerable may, by agreement, be allotted in fee simple in lieu and satisfaction of her right of dower. And it may be further conceded that such assignment may be made, by consent and agreement, under judicial proceedings not conformable to law, and even by a court not having jurisdiction, which would be valid as between the parties, and binding on persons subsequently deriving title from them.—*Johnson v. Neill,* 4 Ala. 166. But an assignment contrary to common right is not obligatory on the widow, unless made by a person legally competent to assign dower without compulsion.

Had the original frame and purpose of the bill in the Chancery Court been to have dower assigned, it will scarcely be controverted that a decree therein would not bind the defendants, who held prior incumbrances, and were not made parties, nor to operate to divest them of the legal title, on the general rule that a judgment binds only parties and privies.—*Walker v. Elledge,* 65 Ala. 51. A partition of lands by decree of a court of equity does not conclude the interests of a mortgagee of the share of one of the tenants in

[Lehman, Durr & Co. v. Rogers.]

common, if he is not a party to the proceeding.—*Lyon v. Powell*, 78 Ala. 351. The mortgagees of the undivided interests of several devisees are necessary parties to a bill for a settlement of the administration of the estate, and a sale of the personal property and lands for distribution. *Bragg v. Beers*, 71 Ala. 151. A decree on a bill to enforce a vendor's lien, brought only against the administrator of the estate of the deceased vendee, does not bind his heirs. *Owen v. Bankhead*, 76 Ala. 143. And a decree or judgment against the vendor or assignor, after the title has passed to the vendee or assignee, does not operate to estop the latter. *Bloodgood v. Grasey*, 31 Ala. 575. Had the defendants filed a bill to foreclose the mortgages, without making the plaintiff a party, a decree on such bill would not estop her. Estoppels must be mutual.

But we need not go so far as to decide what would be the effect of a decree on a bill brought for the purpose of having dower assigned conformably to law. The frame and purpose of the bill, brought by plaintiff against Emmerson, were to enforce a vendor's lien for the purchase-money of her interest in the lands. Conceding that on such bill, without change in its frame or purpose, a decree may be made, by consent and agreement, virtually rescinding the contract of sale, and setting apart to the plaintiff in fee simple a larger portion of the lands than she was entitled to have ; such decree can not affect the rights of strangers, other than the agreement independently would have done. The decree does not impart, as to third persons, any extraneous or more extensive operation. If an assignment of dower, by judicial proceedings conformably to law and common right, would bind the defendants, though not parties, such can not be the effect of the proceedings in question, which were not, in any legal sense, an assignment of dower. It was practically and substantially a sale by Emmerson to the plaintiff of the land in controversy in satisfaction of her homestead and dower interest; which, if it affected the right to dower in any way, operated to its extinguishment. Before the agreement and rendition of the consent degree, the absolute and indefeasible title had vested in the defendants. A voluntary assignment of dower by the heir, in accordance with law, does not bind persons having prior incumbrances on the land, or interests therein, though they may have been created after the accrual of the right to dower.—2 Scrib. Dow. 98. Neither can a grantor of dowable lands, after the legal estate has passed from him, divest his grantee of title to a part by an agreement to have such portion set apart in fee simple to the widow in lieu and satisfaction of dower,

though attempted to be validated and enforced by a decree of a court, any more than by any other mode of alienation, or to any other person. The decree is *res inter alios acta* as to the defendants.

There having been no valid assignment of dower, binding the defendants, the plaintiff is not entitled to recover.

Reversed and remanded.

## Statutory Action in the Nature of Ejectment.

