Argued July 1, reversed July 27, rehearing denied September 14, 1915.

# MARTIN *v.* FLETCHER.

## (149 Pac. 895.)

**Landlord and Tenant—Action for Rent—Reasonable Rent.**

1.  A complaint in an action for rent, which alleges that plaintiff leased to defendant for a season a 63-acre tract, that defendant agreed to farm the tract and pay as rental $4 per acre for 45 acres of tillable land and the customary rental for 11.5 acres of hops, and that the customary rental of hop-yards was half of the proceeds of the sale of the hops after a specified deduction for the cost of raising and baling, and which sets forth the amount of hops produced, states a cause of action for the reasonable rent of the hop tract, and not for the amount of rent shown to be due by custom, and a charge authorizing a recovery only on proof of a custom as to rentals was erroneous.

**Landlord and Tenant—Action for Rent—Estoppel.**

2.  Where a widow leased land assigned to her as dower, though subsequently the assignment was declared illegal, the tenant was estopped to deny that the widow had title to the premises or the right to rent the same; the tenant not being ousted from the premises nor compelled to pay rent to any other person.

**Landlord and Tenant—Action for Rent—Complaint—Evidence— "Usual"—"Customary"—"Reasonable."**

3.  A complaint, in an action for rent, which alleges that plaintiff let to defendant a specified tract and that defendant agreed to pay as rental $4 per acre for a part of the land and the customary rental for a hop tract, justifies evidence of the reasonable rental value of the hop tract, as against the objection that plaintiff sought a recovery for rental as fixed by custom; there being a close relation between the words "customary," "usual," and "reasonable."

**Appeal and Error—Questions Reviewable—Disposition of Case on Appeal—Constitutional Provisions.**

4.  The Supreme Court, on appeal from a judgment for defendant in an action for rent, must, under Article VII, Section 3, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), find the reasonable rental value of the land from all the evidence in the record, where the complaint seeks a recovery for the reasonable rental value.

**Landlord and Tenant—Title of Landlord—Right of Tenant to Question.**

5.  One who holds as tenant of another, by treating with her and trying to settle with her attorney in fact when the time came to make a settlement, is, under Section 798, subd. 5, L. O. L., precluded from questioning the landlord's title.

> [Estoppel of tenant to deny landlord's title, see notes in 15 Am. Dec. 40; 89 Am. St. Rep. 62.]

Dower—Action for Rent—Liability of Tenant.

6. Section 7297, L. O. L., entitles a widow to dower in lands of which her husband died seised, and authorizes her to continue to occupy the lands or receive half of the rents so long as the heirs or others interested do not object, without having dower assigned. Dower was assigned to a widow, who leased the property assigned to a tenant. Subsequently the assignment was set aside, and new commissioners were appointed to make a new admeasurement, which was confirmed nearly a year later. No one objected to the widow's receiving the rent of the land first assigned to her, but all acquiesced therein. The executor testified that the estate did not claim or collect any of the rent. *Held,* that the widow was entitled to collect the rent.

From Yamhill: WEBSTER HOLMES, Judge.

Department 2.     Statement by MR. JUSTICE BEAN.

This is an action by Catherine E. Martin against Henry Lee Fletcher. Plaintiff alleges, in substance, that about April 1, 1913, she leased to defendant for the season of 1913 a 63-acre tract of land, known as the "Fletcher farm," situate about two miles from Mc-Minnville, Yamhill County, Oregon, which he agreed to farm and to pay the following rental, to wit, $4 per acre for 45 acres of tillable land, and the "customary rental" for 11.5 acres of hops growing on the place; that the customary rental for hop-yards in that vicinity was one half of the proceeds of the sale of the hops after deducting seven cents per pound for the expense of raising and baling them; that defendant harvested and baled 11,000 pounds of hops on the tract which were sold for 21 cents per pound, claiming $895 as the amount due.

Defendant denies the leasing of the premises from plaintiff, and asserts that they were a part of the estate of John S. Martin, deceased, "which estate is in process of administration in Polk County, Oregon; that appellant's dower in said 'Fletcher farm' was not assigned until after this suit was filed and the crop season of 1913 was past; that respondent had held the

premises from year to year under his grandfather, the said John S. Martin, and since his death under the executors of his grandfather's estate; and that his holding during the term mentioned in the complaint was under the executors, to whom alone he was accountable for the rent.''

In the reply appellant set up an estoppel based upon the alleged contract and relation of landlord and tenant between appellant and respondent. The record shows that on February 3, 1913, the County Court of Polk County, Oregon, assigned a certain 63-acre tract out of the "Fletcher farm" to plaintiff as dower; that thereafter on May 31, 1913, after objections, this first assignment of dower ·was declared illegal and was set aside by the same court, and new commissioners appointed to make a new admeasurement, which second admeasurement was confirmed and the dower finally legally assigned on January 22, 1914. Upon the trial before the court and jury, plaintiff introduced evidence tending to support the allegations of the complaint. The testimony of defendant tended to show that there was no fixed "customary rental" for hop-yards in that vicinity; that they were rented upon different terms, some for the rental as claimed by plaintiff, and others for a one-fifth, a one-fourth, and a one-third share of the crop.       REVERSED. JUDGMENT ENTERED.
                              REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. McCain, Vinton & Burdett,* with oral arguments by *Mr. James McCain* and *Mr. James E. Burdett.*

For respondent there was a brief over the name of *Messrs. Lange, Hewitt & Nott,* with oral arguments by *Mr. L. E. Lange* and *Mr. Earl Nott.*

MR. JUSTICE BEAN delivered the opinion of the court.

Eleven errors are assigned, but we deem it necessary to consider only the principal ones.

1. The trial court construed the complaint as pleading a custom as a basis for plaintiff's cause of action, and refused to allow the evidence to be considered as showing a reasonable rental or any other rent or amount different from that claimed in the complaint. The court instructed the jury, among other things, to the effect that the plaintiff relied upon an express contract, stating its terms, and further that, before the jury could find for the plaintiffs, they must find by the greater weight of the evidence that the terms named were what were agreed upon between the parties; and also that plaintiff was bound to prove a custom, as to rental, in the vicinity which was "uniform and general in that community, and cannot by a few isolated cases, such as the plaintiff claims here, but it must have been general and uniform, and the plaintiff is bound to establish that to your satisfaction by the greater weight of the evidence, and, unless she has done so, your verdict would have to be for the defendant. And you will not confuse your minds with any question of equity or fair dealing between these parties, with reference to the rent." This instruction practically took the case from the jury. The purport of the charge to which an exception was saved was that, before plaintiff could recover, the jury must find that the parties agreed upon the amount or share of rent. As we understand the case, there was an agreement of leasing the land, but the question of the customary rental for hop land was not settled. The fact that plaintiff claimed more

than a reasonable value would not debar her from recovering a fair amount.

2. Plaintiff requested, and the court refused to instruct the jury, in effect, that:

"If you find that the defendant entered into an agreement with the plaintiff whereby the defendant rented from the plaintiff the real premises described in the complaint, and held, used and occupied said real premises under such contract, during the said season of 1913, and was not ousted from said premises or compelled to pay rent to any other person for the use thereof, then the defendant is estopped from denying that the plaintiff had title to said premises, or the right to rent the same to him for the said crop season of 1913, and you will find in favor of the plaintiff."

We think the plaintiff was entitled to the substance of the requested charge.

3. The court rejected proof upon the cross-examination of defendant's witnesses tending to show a reasonable rental value of the land, stating that the only matter at issue was the customary rental. Plaintiff's counsel duly objected and saved an exception to all the rulings. We think the language of the complaint led the court to give an erroneous construction thereof, and prevented the real question from being submitted to the jury. While we believe it is better for the pleader to follow the beaten path and not search for synonyms, we understand the complaint was intended to state that the contract of leasing was to be for a reasonable rent. The evidence of plaintiff was in much the same language. Search the dictionary and text-books, and we find there is a close relation between the words "customary," "usual," and "reasonable" (see 26 Cyc. 819), as to the market value or

that fixed in the "usual" and ordinary course of trade: See, also, 5 Words and Phrases, p. 4383.

By his evidence the defendant practically admits that it was agreed that he should pay plaintiff $4 per acre for the tillable land not in hops. This part of the case seems to have been overlooked, and plaintiff recovered nothing. The jury should have been instructed, in case they found there was a leasing by plaintiff to defendant, to ascertain the customary or reasonable rental value of the land. The judgment will therefore be reversed.

4. We are governed by Section 3, Article VII, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), which directs:

"Until otherwise provided by law, upon appeal of any case to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court."

This court should find the reasonable rental value of the land from all the evidence which is contained in the record.

5. Defendant recognized that he was holding as tenant of plaintiff by treating with her, and, when the

time came to make settlement, tried to settle with her attorney in fact, and is precluded from questioning her title: *Jones* v. *Dove,* 7 Or. 467, 472; Section 798, subd. 5, L. O. L.

6. Section 7297, L. O. L., entitles the widow to dower in the lands of which her husband died seised, and she may continue to occupy the same with the children or other heirs of the deceased, or may receive one half of the rents, issues and profits thereof so long as the heirs or others interested do not object, without having the dower assigned. Hence it was immaterial that the first assignment of dower was set aside, a change made, and the admeasurement not complete until afterward. No one appears to have objected to the widow receiving the rents, but all seem to have acquiesced therein. The executor of the will testified that the estate did not claim or collect any of the rent of plaintiff's dower land for the year 1913. From the evidence it appears that a survey showed there were 43.7 acres of tillable land besides the hop-yard, which at $4 per acre amounts to $174.80. There were raised on the land 7,344 pounds of hops which were sold at 21 cents per pound, making $1,542.24. Defendant and his witnesses state that the center of the tract of hops was poor and a little wet; that, while it was good land, it was not so good hop land; that the remainder was fairly good. This evidence seems reasonable and fair. The evidence of Mr. A. M. Peery, plaintiff's agent, was to the effect that it was agreed that defendant would pay the customary rental, which he told defendant he understood to be the seven-cent proposition stated above. His evidence does not go to the point that defendant agreed to this, so the initiatory pleading and the proof leaves the reasonable value to be determined.

Taking all the evidence, we believe that one-fourth part of the amount for which the crop of hops was sold, or $385.58, would be a fair rental for the hop tract. The fact that defendant had rented the land of his grandfather for less would not control. Neither would the good price of hops for that year govern in the matter. We do not fix the highest or the lowest figures. Neither is the field of hops the best nor the poorest.

The above sum added to $174.80 makes a total of $560.38, the amount for which judgment should be entered in favor of plaintiff, which is directed to be so entered.                                      REVERSED.

JUDGMENT ENTERED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.