(80 South. 842)

SLOSS–SHEFFIELD STEEL & IRON CO. v. YANCEY. (6 Div. 852.)

(Supreme Court of Alabama. Jan. 16, 1919. Rehearing Denied Feb. 6, 1919.)

1. DEEDS ⬳194(3) — DATE OF EXECUTION—PRESUMPTION—ACKNOWLEDGMENT.

Where a deed bears no other date than that of its acknowledgment, such date is prima facie that of its execution or delivery.

2. DOWER ⬳66—PAROL ASSIGNMENT—STATUTES.

The statutes providing for assignment of dower are not exclusive of the parol assignment recognized at common law.

3. LIFE ESTATES ⬳8—ASSIGNMENT OF DOWER—TRANSFER—RIGHTS OF PURCHASER—ADVERSE POSSESSION.

If there was a valid or binding parol assignment of dower whereby lands were set apart as a life estate to the widow, the subsequent possession of the person to whom the widow conveyed her dower interest prima facie would not be adverse to the title of the owner of the estate in reversion during her life.

4. APPEAL AND ERROR ⬳713(3)—REVIEW—BILL OF EXCEPTIONS.

The ruling of the trial court in equity on disputed issues of fact, tried by the jury, is presented for review by bill of exceptions, and the giving or refusing of a properly requested written instruction may be so reviewed, whether the charge is presented as a part of the record proper or by bill of exceptions.

5. AFFIDAVITS ⬳18—ADMISSIBILITY IN EVIDENCE.

Gen. Acts 1915, p. 919, is not broad enough to embrace the admission in evidence of affidavits tending to show a parol assignment of dower.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by G. W. Yancey, trustee, against the Sloss-Sheffield Steel & Iron Company to quiet title to lands. Judgment for complainant,

and defendant appeals. Reversed and remanded.

See, also, 201 Ala. 200, 77 South. 726.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

G. W. Yancey, of Birmingham, in pro. per.

THOMAS, J. The bill was to quiet title to lands. On demand, a trial by jury was had of the issue of fact, which was decided in favor of complainant.

Upon former appeal the holding was that the submission for final decree was premature, since the cause was not at issue upon the bill as last amended. Sloss-Sheffield Steel & Iron Co. v. Yancey, Trustee, 77 South. 726.[1] On remandment appellant filed answer (January 24, 1918) to the amended bill, specifying its title, claim, and interest to the lands described. On May 31, 1918, the bill was again amended by withdrawing paragraphs 6 and 7, and the prayer that the deed of Wm. M. Reid (dated December 16, 1895) be annulled. Thereupon appellant answered the bill as last amended by refiling its previous answer filed on August 23, 1913, and demurrer and answer filed on January 24, 1918. The issues thus made by the pleading were submitted to the jury, which returned a verdict for complainant as follows:

"We, the jury, find that the complainant is now and was at the time of filing of the bill in this cause in quiet and peaceful possession of property as described in bill of complaint, and that respondent has no estate or interest in, or incumbrance on, the land described in bill of complaint, or any part thereof.

"H. H. K. Jefferson, Foreman."

A final decree for appellee was rendered on this verdict June 21, 1918, and the bill of exceptions presented and signed by the judge presiding at the trial within the time required by law.

The record title of the Sloss-Sheffield Steel & Iron Company may be stated as follows: Said lands were entered by Moses Campbell and his entry perfected December 10, 1855. During the Civil War Campbell died, leaving a widow, Elizabeth. Campbell and wife were living on the land when the former went to the Civil War, and the said Elizabeth remained and continued to live thereon until "about 1888." She married one Tyler, who died when he and said Elizabeth were living on said lands. The date of Elizabeth's death was in the year 1912, 1913, or 1914. Her second husband, Tyler, died prior to her death.

The entryman, Campbell, had only one child (Rebecca), who survived him, and married James P. Reid. The said Rebecca died about 1871 or 1872, leaving only a son, William M. Reid, who survived his father. This only heir (William M. Reid) of the entry-

man, Campbell, joined by his wife, conveyed these lands to the Sloss Iron & Steel Company by deed dated December 16, 1895, duly acknowledged and filed for record. This corporation conveyed the lands to the appellant on July 1, 1901.

James P. Reid, as guardian of William M. Reid, conveyed the lands to Howard Douglas by deed dated, acknowledged, and filed for record November 7, 1883. On December 31st thereafter Douglas and wife conveyed the same to the Richmond & Danville Extension Company, which corporation conveyed to the Coalburg Coal & Coke Company on September 22, 1885, "subject to the dower of Elizabeth Tyler," and the Coalburg Coal & Coke Company conveyed to the Sloss Iron & Steel Company on July 17, 1887, and, as we have indicated, this corporation conveyed the lands to the appellant on July 1, 1901.

As a part of appellant's paper title a written agreement between itself and the East Pratt Coal Company, of date December 16, 1912, was introduced in evidence. By this agreement appellant sold to the East Pratt Coal Company the right to mine the "Pratt seam of coal," traversing parts of sections 15, 21, and 22 of township 16, range 3 west, including the lands involved in this suit, the right to haul coal through and over said lands, to build tipples and shops, and "other rights on contiguous lands."

[1] Appellee's statement of title was that Elizabeth Tyler, widow of entryman Campbell, conveyed the property in question to John T. Shugart in 1888, which deed was filed for record in the probate office on the 4th day of January, 1890 (volume 129, Record of Deeds, p. 545). Thereafter she confirmed the same or corrected a "mistake in the numbers" by an undated deed, the acknowledgment bearing date January 19, 1891, and filed for record Feruary 20, 1891, and containing the usual covenants of warranty. This last deed having no other date of execution than that of its acknowledgment, prima facie said date will be taken as that of its execution or delivery. Veitch v. Woodward Iron Co., 200 Ala. 358, 76 South. 124, 127.

Plaintiff offered evidence tending to show that in 1888 John T. Shugart took possession of the lands, and cut timber and mined coal therefrom until his death, in 1906. Thereafter, pursuant to a sale at public outcry (through Henry Morschheimer, register in chancery, etc.), under decree rendered March 26, 1910, these lands were conveyed by the register in chancery to Mrs. Alice D. Shugart by deed bearing date March 6, 1912, duly acknowledged and filed for record the same date. This instrument purported to convey to Mrs. Shugart "all the right, title, and interest of said Alice D. Shugart, individually and as executrix of the last will and testament of John T. Shugart, deceased, Roland T. Shugart, Mamie P. Shugart, Forest W.

Shugart, Florence M. Shugart, Alice R. Shugart, and Johnnie T. Shugart, and of each and all parties to this suit, in and to" the lands in question. The said Alice D. Shugart, a widow, conveyed the same to appellee by deed bearing date of execution and acknowledgment March 2, 1912, filed for record March 30, and recorded April 15, 1912. This conveyance contained the usual covenants of warranty of title and of the right to convey the same. Complainant's evidence tended further to show an instrument executed by Mrs. Alice D. Shugart, an unmarried woman, to W. M. Evans, dated and acknowledged November 17, 1911, purporting to grant an option on these lands, expiring on January 16, 1912. This option was never filed for record in the office of the probate judge as provided by statute for the recordation of such conveyances. Yet said grantee, Evans, as a witness for complainant, testified that as a lessee he took possession of the lands, operated the coal mine there, paying Mrs. Shugart a royalty, and "turned the land over to Mr. Morgan and the East Pratt Coal Company, and they had possession in 1913. * * * They had it a certain length of time, and then it was to be turned back" to witness, and that witness had "never worked on it since that time"; that the Pratt Company "were in possession until the expiration of the time limit in their lease contract."

Appellee insists that dower was not assigned in the lands to said Elizabeth, widow of Moses Campbell, deceased, while she lived on the same, and that after the death of Campbell she continued to use and occupy the lands for about 20 years. The insistence of appellant's counsel as to assignment of dower is that—

"after Rebecca Campbell, the only daughter of Moses, married James P. Reid, she and Elizabeth Tyler agreed to divide the above lands without having any proceedings in court, and they did divide the same, Elizabeth Tyler retaining the 40 involved in this suit, upon which she then lived, and Rebecca taking the other 40 in section 21. As the only interest Elizabeth Tyler had in the two 40's above described was a dower interest, as the widow of Moses Campbell, it was agreed by the parties to the transaction that the interest of Elizabeth Tyler in the land involved in this suit should only be for life, and that at her death the land involved in this suit should go to Rebecca Reid, the daughter of Moses Campbell and Elizabeth Tyler. No deeds evidencing this transaction were made, but the above transaction was agreed to, not only by the widow and only daughter, but also by their husbands. The agreement was consummated by the widow keeping possession of the 40 involved in this suit, and the daughter and her husband taking possession of the other 40 in section 21."

As to the legal effect of the respective insistences as to the assignment of dower vel non, it is necessary to determine whether dower may be set apart by a parol agreement

with the widow and the heir or next of kin or devisees, without resorting to legal proceedings under the statutes having application to assignment of dower.

[2] It is certain that at common law, when a man of full age, seized in fee simple, married a woman, he endowed her with the right in his lands as indicated; and after the husband's death the wife "may enter into the said quantity of land of which her husband endowed her without other assignment of any." 1 Coke Upon Littleton (1st Amer. from 19th London Ed.) § 39 (34a, 34b, 35a). Mr. Kent states the rule of the common law as follows: "The assignment of dower may be made in pais by parol, by the party who hath the freehold." 4 Kent's Comm. (13th Ed.) § 63 (64). The general authorities on the question are collected by the text-writers. 2 Scribner on Dower (2d Ed.) pp. 71–75; 5 M. A. L. 285–6; §§ 367, 368, 369; 3 British Rul. Cas. 929, 948; 9 R. C. L. p. 608, § 49; 14 Cyc. 973, 974. That the statutes providing for assignment of dower are not exclusive of the parol assignment recognized at common law has been noted (Yarbrough v. Yarbrough, 75 South. 932, 934 [2]) ; and it is recognized that there may be a parol assignment of dower in this jurisdiction (Johnson v. Neil, 4 Ala. 166, 168; Lehman-Durr Co. v. Rogers, 81 Ala. 363, 366, 1 South. 703). By analogy this view also finds support in Shelton v. Carrol, 16 Ala. 148; Irvine v. Armistead, 46 Ala. 363, 375; Bettis v. McNider, 137 Ala. 588, 591, 34 South. 813, 97 Am. St. Rep. 59; Sanders v. McMillian, 98 Ala. 144, 11 South. 750, 18 L. R. A. 425, 39 Am. St. Rep. 19, 33–36, and notes. See, also, Austin v. Austin, 50 Me. 74, 79 Am. Dec. 597, for further general authorities. Betts v. Ward, 196 Ala. 248, 72 South. 110.

[3] Whether the legal evidence disclosed by the record is sufficient to show an assignment of dower to Elizabeth Campbell, before or after her marriage to Tyler, is a matter of great importance. If so, her deed to John T. Shugart would only convey her dower interest or such interest or title as she had in said lands. Edwards v. Bender, 121 Ala. 77, 25 South. 1010; Gindrat v. Western Ry. of Ala., 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; Bass v. Bass, 88 Ala. 408, 412, 7 South. 243; Winters v. Powell, 180 Ala. 425, 61 South. 96; Kidd v. Borum, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226; Chavers v. Mayo, 79 South. 594.[3] That is to say, if there was a valid or binding parol assignment of dower consummated, whereby the lands in question were set apart as a life estate to the widow, the subsequent possession of the person to whom the dower interest was conveyed by Mrs. Tyler prima facie would not be adverse to the title of the owner of the estate in reversion after dower. And if, holding as the assignee of such life estate, the statute of limitations would not begin to run until after the death of the widow and life tenant, until the happening of such natural event no suit could be successfully maintained against such purchasers of the life estate by the owner of the residium of title or reversion after dower.

In the case of Chavers v. Mayo, supra, the lands there made the subject of litigation were declared not to have been impressed with a life estate; and when the widow abandoned the quarantine right of occupancy until homestead and dower were set apart and assigned to her, the next of kin were given the right of immediate possession and the right of action therefor. Baker v. Keith, 72 Ala. 121; Gilbert v. Pinkston, 167 Ala. 490, 52 South. 442, 140 Am. St. Rep. 89.

[4] The ruling of the court on the trial of the disputed issues of fact, tried by the jury, is presented for review by bill of exceptions (A., T. & N. Ry. Co. v. Aliceville Lumber Co., 74 South. 441 [4]) ; and the giving or refusing of a properly requested written instruction to the jury may be so reviewed, whether the charge be presented as a part of the record proper or by bill of exceptions (Mobile L. & Ry. Co. v. Thomas, 201 Ala. 493, 78 South. 399; Pan Amer. Life Ins. Co. v. Carter, ante, p. 237, 80 South. 75 [6]). We are of opinion that charge A, requested in writing by respondent, should have been given.

[5] We will not embarrass the inquiry of fact on a retrial by a discussion of the evidence tending or not to show a parol assignment of dower to Mrs. Campbell. It may be well to say that the statute of 1915 (Gen. Acts, p. 919) is not broad enough to embrace affidavits tending to show a parol assignment of dower to Mrs. Elizabeth Campbell or of such assignment to her after her marriage with Mr. Tyler.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

---

[2] 200 Ala. 184.     [3] Ante, p. 128.             [4] 199 Ala. 391.