E. G. DOVEY & SON ET AL., APPELLANTS, V. FRANK E.
SCHLATER, SPECIAL ADMINISTRATOR, ET AL.,
APPELLEES.

FILED JUNE 12, 1922.   No. 22436.

**Dower.** Under the statute (Comp. St. 1881, ch. 23, sec. 11), where an
owner of land died intestate, leaving a widow and three sons, and
dower was neither petitioned nor assigned to the widow, but where
the rents from the properties were collected by the sons during
the lifetime of the widow, with the understanding between all the
parties that the widow was entitled to her share thereof, and where
the moneys were placed in an account that she was allowed to
draw upon, *held*, that a one-third share of the rents, as collected,
vested in the widow in her lifetime, and that after her death her
administrator was entitled to an accounting for such rent moneys
so collected as remained in the fund.

APPEAL from the district court for Cass county: ELLIOTT
J. CLEMENTS, JUDGE. *Affirmed.*

*John L. Webster, Byron G. Burbank* and *D. O. Dwyer,*
for appellants.

*Jesse L. Root, A. L. Tidd* and *C. A. Rawls, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, ALDRICH,
DAY and FLANSBURG, JJ

FLANSBURG, J.

This case has been before this court in its different
phases a number of times. The only issues now presented
involve the right of the defendant Schlater, as special ad-
ministrator of the estate of Jane A. Dovey, deceased, to
an accounting as to certain moneys held by the firm of
E. G. Dovey & Son, plaintiff. The trial court found the
defendant entitled to such an accounting and entered judg-

ment thereon in his favor.   From this judgment the plain-
tiffs appeal.

Among other items, upon which there is now no con-
troversy, the trial court found the administrator entitled
to the sum of $7,147.79, which the court found was a one-
fourth share of an account, held by the partnership, which
represented funds furnished and held as the individual
and personal property of Edward G. Dovey, deceased;
and the sum of $15,695.64, being one-third of the rents col-
lected from the real estate of which Edward G. Dovey died
seised.

Jane A. Dovey was the widow of Edward G. Dovey, de-
ceased.   There were three sons.   In 1876 Edward G. Dovey,
who was at that time engaged in the mercantile business
in Plattsmouth, had taken into partnership with him his
son George E. Dovey.   On the books of the partnership
was one account which was denominated the "stock ac-
count."   Edward G. Dovey owned a number of properties,
having no connection with the partnership, from which
he derived rentals.   His collections from these properties
and from his individual business interests were mingled
with the partnership assets and entered of record in this
"stock account."   Throughout the partnership books the
"stock account" was, it seems, the personal account of Ed-
ward G. Dovey with the partnership and appears as an ac-
count of moneys due to him for capital furnished.

It is the contention of George E. Dovey that these
amounts, represented by the stock account, had, in fact,
become partnership assets, and did not remain the per-
sonal and individual property of Edward G. Dovey, nor
an account of any liability, on the part of the partnership,
to Edward G. Dovey.   The evidence, however, we believe
does not bear out that contention.

A statement of the accounts of the partnership, pre-
pared by George E. Dovey on January 31, 1881, was found
among the partnership papers.   This statement shows the
total assets of the partnership at that date to be $97,755.96,
and shows that there were liabilities against the firm in the

amount of $45,663.54, leaving a net value of the partnership assets at $52,092.42. Throughout the litigation involving this estate, it seems to have been always conceded that the net value of the partnership assets at that time was $52,092.42. This was exclusive of the value represented by the "stock account." The "stock account," in the amount, at that time, of $27,355.70, was included as part of the total liabilities, above set out, of $45,663.54. This written statement of the firm's financial condition, made by George E. Dovey himself, seems to us to furnish a clear admission on his part that the stock account was a liability of the firm in favor of Edward G. Dovey, and that, in arriving at the net value of the assets of the firm, the funds represented by the stock account should be deducted. Furthermore, it appears that after the decease of Edward G Dovey the stock account was carried on the books as an account between the firm and the estate. The moneys of the estate were mingled with the moneys of the firm, and were entered in the "stock account." The testimony of George E. Dovey shows that in 1885, in arriving at the amount which the firm then owed to the estate, the stock account was considered by him as representing the amount of that liability.

We have reached the conclusion that the partnership was a partnership where George E. Dovey was to share in the profits only, and that the moneys furnished the partnership by Edward G. Dovey, the account of which was kept in the so-called "stock account," did not become the property of the partnership, but at all times remained the property of Edward G. Dovey and stood on the books as a liability from the partnership to Edward G. Dovey. Since the stock account represented a liability of the firm and was payable to and represented individual property of Edward G. Dovey, we think it is clear that a one-fourth interest therein descended by operation of law to Jane A. Dovey. This amount, $7,147.79, the trial court has awarded to her administrator, and it seems to us the judgment in that respect is correct.

It is the further contention of the plaintiff E. G. Dovey & Son that the administrator of the Jane A. Dovey estate is not now entitled to recover one-third of the rents which have been collected since the decease of Edward G. Dovey from the real estate of which he died seised, for the reason that the widow, Jane A. Dovey, during her lifetime, caused no assignment of dower to be made to her in such real estate, and did not demand nor require the rents to be paid to her; that such rents were not collected for her during her lifetime, and are not now held in trust by the plaintiff, E. G. Dovey & Son, for her benefit; that she had not become possessed of these rents during her life-time, and, not having claimed them, it is too late for her administrator now to make such claim in behalf of her estate.

The statute, relating to dower, in force at the time in question (Comp. St. 1881, ch. 23) provides:

"Section 1. The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seised, of all estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

"Section 11. When a widow is entitled to dower in the lands of which her husband died seised, she may continue to occupy the same with the children or other heirs of the deceased, or may receive one-third part of the rents, is-sues and profits thereof, *so long as the heirs or others in-terested do not object,* without having the dower assigned."

The plaintiff's argument is that this statute, which pro-vides that the widow may continue to occupy the premises of her deceased husband with her children, or may re-ceive one-third of the rents, issues and profits thereof, so long as the heirs or others interested do not object, with-out having the dower assigned, is unavailing to the de-fendant administrator, for the reason that the statute is only permissive, and that Jane A. Dovey has never de-manded, nor has she, during her lifetime, *received* her share of these rents, and that she has never perfected an

election to take the rents without assignment of dower.

Upon an examination of the record, and in view of the findings of the trial court, and the persuasive weight to be given to those findings, we are unable to come to any other conclusion than that at which the trial court arrived, and that is, that the rents were collected during the lifetime of the widow by her son, George E. Dovey, and were mingled with the partnership funds, with the understanding and agreement between the widow and her sons that the rental moneys should be so used, and that she was entitled to and, in fact, had a one-third interest in them. The several legal questions raised on those issues, it seems to us, are therefore based upon a false premise in fact.

At one stage of the proceedings, the pleadings, signed by George E. Dovey, and which are admitted in the record in this case as an admission against interest, contained a declaration that "whatever rents were collected and received by him (George E. Dovey) during said period of years (July 25, 1881, to September 23, 1909) were so collected and received *as the agent* of all the respective parties in interest, and by the consent of all the respective parties in interest, and that said rents so collected and received were placed with the assets of E. G. Dovey & Son with the knowledge, acquiescence and consent of all the parties in interest, *including Jane A. Dovey.*"

It is true that the record contains no specific and express agreement to the effect that the rents were to be collected and that the widow should receive a one-third part of them. In family arrangements of this kind such specific agreements are not necessarily expected. The actions and doings of the parties and the natural inferences to be drawn therefrom are sufficient to furnish evidence of such agreements and understandings.

The evidence discloses that the three sons recognized and spoke of the right of their mother to a one-third interest in the rents. The rent moneys were placed in the partnership, in which she had an interest, which interest

had descended to her as a part of her husband's estate. From time to time the firm honored her checks and demands for cash, in the total aggregate amount of over $26,000, which was in excess of any amount due her from the firm, unless she was then considered as entitled to share in the rents. The amounts which she thus withdrew from the partnership were charged to her account. In 1909 one of the sons, Oliver, withdrew from the partnership, which was then being carried on by the three sons, and a settlement was made with him. A few years subsequent to that, George E. Dovey is shown to have presented a bill of sale to his mother for her signature, which was for the purpose of conveying certain personal properties to the two remaining members of the firm, and which included grain and the increase in live stock raised on the farm lands in question, and which constituted a part of the rental income therefrom. This was a recognition of her rights and of the fact that her title to these properties, rental income from the lands, had at that time vested in her. The evidence, we think, fully sustains a showing of an understanding between the parties that the widow was entitled to a one-third share in the rents, and that these rents were being collected by George for all parties and invested for them in the partnership, and that the three sons were allowing the rents to be credited to their mother without a formal assignment of a dower interest in the lands to her, and without any objection on their part to her so receiving them.

It was not necessary that dower should be set off to the widow, or that she should demand an assignment of dower before she would be entitled to receive rents; but, in the absence of objections on the part of the heirs, she was entitled to receive her share of the rents, issues and profits of the lands in which she was entitled to dower. The assignment of dower does not create her right in the estate, but only segregates it from the interest of the heirs. Her dower interest in the land was never specifically set apart to her, but this did not deprive her of her right to her

share of the rental income therefrom. No objection was made by the heirs against her receiving her share of the rents. The rents were not being withheld from her. On the contrary, the record bears out an understanding that the rents were being collected and invested in the partnership for her, and that she became immediately entitled to them and had the right to withdraw them from the firm as she saw fit. Where the heirs are making no objection, and where the widow is led to believe that rents are being collected and held for her, to be drawn upon at her pleasure, certainly there is no necessity of a demand on her part, nor a requirement that she resort to any affirmative proceedings for the establishment of her right. The collection of these rents by her son as agent for her was, in law, a collection of the rents by her, and the possession by the firm was her possession. The mutual understanding between these parties and the collection and application of the rents, as stated, are sufficient, without any formal assignment of dower and without any further demand on her part, to establish her right and to vest in her title to those funds. In this connection see *McFarland v. McFarland*, 278 Mo. 1; *Martin v. Fletcher*, 77 Or. 408; *Sloss-Sheffield Steel & Iron Co. v. Yancey*, 202 Ala. 458; *Lenfers v. Henke*, 73 Ill. 405, 24 Am. Rep. 263; *McGowan v. Bailey, Wilson & Co.*, 179 Pa. St. 470.

It is our conclusion that the trial court properly found that the defendant, as administrator of the estate of Jane A. Dovey, is entitled to an accounting for one-fourth of the funds represented by the stock account, and to a one-third interest in the rents, issues and profits of the real estate of Edward G. Dovey, that on these amounts the credits allowed by the trial court were correct, and that the defendant was entitled to recover the balance found due.

The judgment is therefore

AFFIRMED.